**Raymond Leroy DEVERS, Appellant,**

v.

**PEOPLE OF the STATE OF CALIFORNIA and Lawrence F. Wilson, Warden, Appellees.**

**No. 22964.**

United States Court of Appeals, Ninth Circuit.

Feb. 6, 1970.

Richard C. Turrone (argued), of Turrone, Moless & Komar, San Jose, Cal., for appellant.

Horace Wheatley (argued), Deputy Atty. Gen., Derald E. Granberg, Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., State of California, San Francisco, Cal., for appellees.

Before HAMLEY, DUNIWAY, and ELY, Circuit Judges.

PER CURIAM:

Appellant Devers is a California state prisoner. In 1964, he was sentenced to life imprisonment following his plea of guilty to first degree murder. The homicide occurred during the robbery of a service station in the presence of several witnesses who, although apparently unable to describe the robbers, supplied a description of the automobile used by them. The vehicle was stopped near the scene within minutes of the crime, and one of the occupants was Devers. He was arrested and subjected to intensive interrogation for the next two days. Several incriminating statements were obtained before counsel was appointed.[1]

1. There is a question as to whether the statements were sufficiently incriminating to fall within the exclusionary rule if they were obtained unlawfully. The question

Devers' appointed counsel persuaded him to plead guilty out of fear that Devers would receive the death penalty should he be convicted in a jury trial.

■ In his petition for habeas corpus, Devers alleged that his guilty plea resulted from the statements obtained from him and that the statements were involuntary because of physical and psychological coercion applied in the interrogation process. The District Court concluded, after an evidentiary hearing, that the statements were made voluntarily and with full knowledge of the consequences. Devers here argues that the District Court did not consider his contentions in light of the totality of circumstances test required by the Supreme Court before *Miranda*.[2] *Compare* Haley v. Ohio, 332 U.S. 596, 86 S.Ct. 302, 92 L.Ed. 224 (1948) *with* Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He bases his argument upon the fact that the District Court was not informed of his age at the time he was questioned nor of the existence of a transcript of a state court preliminary hearing allegedly containing testimony at variance with some of that heard by the District Court. We see nothing in this record that requires us to depart from the general rule that the burden is upon the habeas corpus petitioner to produce evidence favorable to himself.

■■ Devers also urges that his plea of guilty was involuntary since his attorney, his codefendant, and his codefendant's attorney joined together in persuading him to plead guilty. It is, of course, one of an attorney's most valuable functions to persuade his client to take that course which, to the attorney, in the light of his experience, appears to be the wisest. The District Court found that there was nothing in the record to indicate that duress or influence was applied

to Devers by any other party. We cannot hold that this determination was clearly erroneous.

Affirmed.

is mooted by the District Court's determination that the statements were voluntary.

2. Devers entered his plea of guilty on February 7, 1964. The exclusionary rules of Escobedo v. Illinois, 378 U.S. 478, 84 S.

Ct. 1758, 12 L.Ed.2d 977 (1964) and *Miranda* are not applicable to trials commencing before June 22, 1964. Johnson v. New Jersey, 86 S.Ct. 1772, 384 U.S. 719, 16 L.Ed.2d 882 (1966).