**George A. THOMPSON, Petitioner-Appellant,**

v.

**Louis S. NELSON, Warden, Respondent-Appellee.**

**No. 23964.**

United States Court of Appeals, Ninth Circuit.

Aug. 19, 1970.

Michael L. Ohleyer of Thacher, Jones, Casey & Ball, San Francisco, Cal., for petitioner-appellant; George A. Thompson, in pro. per.

Thomas C. Lynch, Atty. Gen., John T. Murphy and Clifford K. Thompson, Jr., Deputy Attys. Gen., San Francisco, Cal., for respondent-appellee.

Before KOELSCH and CARTER, Circuit Judges, and HALL,* District Judge.

PER CURIAM.

We deem valid the reasons given by the district judge for denying Thompson habeas corpus relief. It is appropriate to add that after the judge rendered his opinion the Supreme Court announced a rule, applicable to this case, which affords additional support for the judgment. Thus in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785, all decided May 4, 1970, the Court declared that generally a guilty plea by a counseled defendant cannot be impeached in a collateral proceeding on the grounds that the same was the product of coercion.

Here, the state court record, made part of the return to the order to show cause, discloses as a matter of law that Thompson had counsel at all stages of the criminal proceeding; that counsel was competent and that counsel afforded Thompson full and adequate legal representation on the murder charge.

Thus Thompson was foreclosed from maintaining in the habeas corpus application the contention that his plea of guilty was motivated by a coerced confession or by adverse news publicity.

The judgment is affirmed.

* Honorable Peirson M. Hall, United States District Judge, Los Angeles, California, sitting by designation.