**Harold FRIEDMAN, Petitioner,**

v.

**H. V. FIELD, Superintendent, California Men's Colony, Respondent.**

Civ. No. 70–1340.

United States District Court,
C. D. California.

May 11, 1971.

---

5. See Deposition of Charles Yerkes, pp. 6–7.

Harold Friedman, in pro. per.

Evelle J. Younger, Atty. Gen., William E. James, Asst. Atty. Gen., Alan V. Hager, Deputy Atty. Gen., Los Angeles, Cal., for respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER

HAUK, District Judge.

An evidentiary hearing on petitioner's application for a writ of habeas corpus in the above entitled matter was commenced on April 27, 1971, and was continued to and concluded on April 28, 1971, petitioner being present and appearing by Michael P. Balaban, appointed by the Court, and respondent appearing by Evelle J. Younger, Attorney General of the State of California, by Alan V. Hager, Deputy Attorney General. Upon reviewing the pleadings and the oral and documentary evidence presented at the hearing, the Court, being fully advised in the premises, makes the following findings of fact:

Petitioner is a person in state custody presently on parole from the California Men's Colony at San Luis Obispo, California. In an information filed in the Superior Court for the County of Los Angeles, Superior Court Case No. 327564, he was charged with sale of marijuana, in violation of California Health and Safety Code section 11531, and it was alleged that at the time of the commission of this offense he was armed with a deadly weapon. In a separate information filed in the Los Angeles County Superior Court, Case No. 327565, petitioner was charged with possession of heroin for sale, possession of marijuana for sale, and possession of restricted dangerous drugs for sale, in violation of California Health and Safety Code sec-

tions 11500.5, 11530.5, and 11911, respectively. The two informations were consolidated. Petitioner entered a plea of guilty to Count II of the consolidated information, namely, possession of heroin for sale, in violation of California Health and Safety Code section 11500.5. Petitioner was sentenced to state prison for the term prescribed by California law on said charge, and the other three charges were dismissed.

Prior to the entry of the guilty plea, petitioner had several consultations with his attorney, Philip Erbsen, who represented petitioner throughout the proceedings relative to the above charges against him, including the preliminary examinations involved. Mr. Erbsen, an experienced criminal practitioner, concluded that there was no defense of entrapment available to petitioner with respect to the sale of marijuana charge and no possibility of suppressing the contraband supporting the three possession for sale charges, as that contraband had been obtained as the result of a search to which petitioner had voluntarily consented. Mr. Erbsen consulted with the deputy district attorney, and together they came to an understanding whereby appellant would plead guilty to Count II of the consolidated information, which was possession of heroin for sale, and the remaining charges would be dismissed. Mr. Erbsen advised petitioner to accept the offer of the deputy district attorney and plead guilty to the charge of possession of heroin for sale. Mr. Erbsen indicated to petitioner that in all likelihood he would receive a state prison sentence. He did not tell petitioner that he would receive probation, nor did he tell petitioner that he would be pleading guilty to possession of marijuana or possession of marijuana for sale. The deputy district attorney made no promises of probation to petitioner in exchange for his plea of guilty to possession of heroin for sale.

In a proceeding held before Superior Court Judge Kathleen Parker on September 23, 1966, in which petitioner entered his guilty plea, petitioner was ad-

vised by the deputy district attorney that he was pleading guilty to possession of heroin for sale, a violation of California Health and Safety Code section 11500.5, as charged in Count II of the consolidated information. At this proceeding, petitioner said that he understood the nature of the charge against him; that no promises of probation, leniency, or reward were made to him; and that he was pleading guilty because he was in fact guilty. Petitioner was aware that he was entering his plea of guilty to possession of heroin for sale and not to possession of marijuana or possession of marijuana for sale.

Mr. Erbsen, in his representation of petitioner, conducted a vigorous and thorough cross-examination of the witnesses at the preliminary hearings. He explored the facts and considered the possible defenses. He believed that he was taking the wisest and best course for petitioner in advising a plea of guilty to possession of heroin for sale, in the light of the strength of the prosecution's case on all four charges filed against petitioner.

From the foregoing findings of fact, the Court makes the following conclusions of law:

 A plea of guilty is valid if made voluntarily, knowingly, and intelligently and done with sufficient awareness of the relevant circumstances and likely consequences of the act. Such a plea is an admission by the accused in open court that he committed the act charged against him, and a conviction based on such a plea will not be set aside. Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Brothers v. United States, 431 F.2d 644, 645 (9th Cir. 1970). As petitioner's plea of guilty to possession of heroin for sale was entered voluntarily and intelligently, his conviction and subsequent incarceration based thereon are valid.

 A plea of guilty based on reasonably competent advice of counsel is an intelligent plea and not open to attack on the ground that counsel may have misjudged the admissibility of incriminating evidence. So long as the advice is within the range of competence demanded of attorneys in criminal cases, a guilty plea based on such advice must stand. McMann v. Richardson, 397 U.S. 759, 770–771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Thompson v. Nelson, 429 F.2d 1393 (9th Cir. 1970). Petitioner's plea of guilty was entered intelligently, since it was made pursuant to competent advice of counsel well-versed in criminal law who carefully considered and evaluated all possible defenses.

Petitioner's allegation that his counsel engaged in fraud and trickery is not supported by any facts presented in petitioner's pleadings or at the hearing, and his allegation that he has been subjected to cruel and unusual punishment is equally conclusory. Accordingly, such issues are not before the Court for its consideration. Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970).

It is therefore ordered that the petition for a writ of habeas corpus be denied.