108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alicia TAPLETT, Petitioner-Appellant,
v.
Teena FARMON, Warden; Attorney General State of California,
Respondents-Appellees.
 No. 96-15991.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1997.*
Decided March 5, 1997.
 
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taplett's claim that her no-contest plea was involuntary due to ineffective assistance of counsel fails because her lawyer's performance was not outside the range of competence demanded of attorneys in criminal cases. See Hill v. Lockhart, 474 U.S. 52, 56 (1985). As the state court concluded, even if Taplett's first lawyer did tell her that in his opinion a first-degree murder conviction was "guaranteed," that advice in this case was is within the range of reasonable professional judgment.
 
 
 3
 Taplett's coercion claim, related to her lawyer's advice, fails for the same reason. "It is, of course, one of an attorney's most valuable functions to persuade his client to take that course which, to the attorney, in the light of his experience, appears to be the wisest." Devers v. California, 422 F.2d 1263, 1264 (9th Cir.1970). The lawyer's recommendations regarding the wisest course for his client are the only coercion claimed here.
 
 
 4
 The court's statement that Taplett would be eligible for parole after 10 1/2 years was not a promise that she would be paroled. The state trial judge accurately stated the terms of the plea agreement, and Taplett had the opportunity to clear up any misunderstanding by discussing the agreement with her lawyer before the change-of-plea hearing. Thus, she was not coerced or misled by this statement into accepting the plea agreement.
 
 
 5
 Taplett's argument that there was no factual predicate for her no contest plea fails for two reasons. First, there is no federal constitutional requirement that a no-contest plea in state court be supported by a factual predicate. Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir.1985). Second, the record establishes an ample factual basis for Taplett's second-degree murder plea.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3