Argued October 25, affirmed November 17, 1965

## STATE OF OREGON *v.* STOUT
### 407 P. 2d 897

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief for appellant.

*Arthur R. Barrows,* Deputy District Attorney, Pendleton, argued the cause for respondent. With him on the brief was Richard J. Courson, District Attorney, Pendleton.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, LUSK and SCHWAB, Justices.

SLOAN, J.

Defendant was convicted of the rape of his stepdaughter. On this appeal he contends that a confession he had given to two state police officers should not have been admitted into evidence because of alleged failure to effectively advise defendant of his right to counsel and to remain silent before the confession was made.

■ The appeal must fail. There was detailed testimony by both officers as to the warning given defendant of his rights. Defendant, by his own testimony, admitted he had been told before any questions were asked him that he could refuse to answer any questions and that he could consult with a lawyer. The trial court, after conducting a hearing as required by *State v. Brewton,* 1964, 238 Or 590, 395 P2d 874, made specific findings that the confession was voluntarily made. The court also found that defendant had been advised of his right to counsel and of his right to remain silent. The evidence clearly supports the trial court's findings.

■ It was argued on this appeal that defendant had not been informed that counsel would be provided at public expense if defendant was without funds. This issue was not presented to the trial court in any form

and since the case was tried after both the *Escobedo* and *Neely*① decisions the claims of error will not be considered on appeal. *State v. Abel,* 1965, 241 Or 465, 406 P2d 902. Actually, the only objection made to the trial court was that the confession was not voluntary. In our view of the record it appears the counsel for defendant was well aware that this was the only objection that was even arguable.

Judgment affirmed.

---

① Escobedo v. State of Illinois, 1964, 378 US 478, 84 S Ct 1758, 12 L Ed2d 977.

State v. Neely, 1965, 239 Or 487, 395 P2d 557, 398 P2d 482.