**Robert E. BOEHME, Appellant,**

v.

**Roger MAXWELL, Superintendent of the Washington State Reformatory at Monroe, Washington, Appellee.**

No. 23586.

United States Court of Appeals, Ninth Circuit.

March 31, 1970.

Frank A. Peters, Tacoma, Wash. (argued), R. R. Greive, Seattle, Wash., for appellant.

Stephen C. Way, Asst. Atty. Gen. (argued), Slade Gordon, Atty. Gen. of Washington, Olympia, Wash., for appellee.

Before MADDEN, Judge of the United States Court of Claims, KILKENNY and TRASK, Circuit Judges.

KILKENNY, Circuit Judge:

This is an appeal from a denial by the district court of appellant's application for a writ of habeas corpus. Appellant was convicted in the superior court of the state of Washington for Pierce County of the crime of assault in the first degree[1] committed on his wife, Mary Boehme.

After a comprehensive study of the complete record, including the exhaustive *in banc* * opinion of the Supreme Court of Washington, State v. Boehme, 71 Wash.2d 621, 430 P.2d 527 (1967), cert. denied 390 U.S. 1013, 88 S.Ct. 1259, 20 L.Ed.2d 164 (1968), the five volume state court record, and the findings and opinion of the district court, Boehme v. Maxwell, 309 F.Supp. 1106 (D.Wash., 1970), we affirm.

The record before the district court, being the same record as that before the Washington Supreme Court and the United States Supreme Court, met all the requirements of Townsend v. Sain, 372 U.S. 293, 312–318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and justified the trial judge's dismissal of the petition without an evidentiary hearing. Beyond question, the trial judge accurately interpreted the requirements of *Townsend*, i. e., he correctly decided (1) that the merits of the factual dispute were resolved in the state court hearing, (2) that the factual determination by the state court was fairly supported by the record as a whole, and (3) that the fact finding procedure employed by the state court was adequate to afford a full and

1. RCW 9.11.010.

* En Banc?

fair hearing. The record supports the trial court's finding that all material facts were adequately developed at the state court hearing.

██ Although appellant filed a motion in the district court to take the deposition of one witness, there was no clear cut statement as to the nature of the testimony which might be given by the witness, nor is there any offer of proof in the record as to the precise nature of the testimony of the witness. Under these circumstances, we must agree with the trial judge that the allegation of newly discovered evidence was unsubstantial. Overall, we agree with the district judge that appellant was given a full and fair fact hearing in the state court.

Moreover, we hold that the district judge correctly applied the federal law to the state court's verdict on the facts.

We conclude that the district judge correctly applied the overall principles stated in *Townsend* and in his decision gave practical form to those principles. To grant an evidentiary hearing on the many issues raised by appellant and previously decided in the Washington courts would fly in the face of the warning in *Townsend* not to promiscuously grant evidentiary hearings where they could both swamp the dockets of the district courts and cause acute and unnecessary friction with state organs of criminal justice. 372 U.S. at 319, 83 S.Ct. 745.

██ Appellant's counsel, at the time of argument, suggested that he had a box of newspaper clippings and other material which he wanted this court to consider. We are aware of no rule of court or concept of appellate practice which would permit the reception of evidence in this type of an appeal. The Washington trial court and, later the supreme court, passed on the issues as they were presented. We find no newspaper material in the record before that court, nor attached to the petition or in the record before the district court. Appellant urges that the newspaper publicity before, and at the time of, trial was such that he did not, and could not, receive a fair trial and that the members of the jury were allowed to mingle with the members of the public during recesses and on other occasions. But these charges are clearly conclusory and wholly devoid of specifics. They did not require a hearing. Consequently, we do not reach the merits of his contentions on these allegations. His conclusory statements are no substitute for proper allegations of fact showing that the alleged newspaper articles in fact violated the precepts stated in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L. Ed.2d 600 (1966) and its offspring. Allegations of fact, rather than conclusions, are required. Brown v. Allen, 344 U.S. 443, 458, n. 6, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Schlette v. People of State of California, 284 F.2d 827, 833–834 (9th Cir. 1960), cert. denied 366 U.S. 940, 81 S.Ct. 1664, 6 L.Ed.2d 852; Dunn v. California Dept. of Corrections, etc., 401 F.2d 340, 342 (9th Cir. 1968). He may have good grounds to believe that prejudicial newspaper publicity reached unconstitutional standards in his trial. Such a record is not before us, nor was it before the other courts which have previously considered appellant's complaints. The judgment is affirmed for the reasons stated in the decision of the trial judge. Our own independent analysis of the record confirms his conclusions.