Wayne L. **STOUT**, Appellant,

v.

**Hoyt C. CUPP, Warden, Appellee.**

No. 24533.

United States Court of Appeals,
Ninth Circuit.

May 20, 1970.

Laurence F. Janssen (argued), Portland, Ore., for appellant.

Jacob B. Tanzer (argued), Sol. Gen., Lee Johnson, Atty. Gen., David H. Blunt, Asst. Atty. Gen., Salem, Ore., for appellee.

Before DUNIWAY, WRIGHT and TRASK, Circuit Judges.

TRASK, Circuit Judge:

This is an appeal by Wayne Leroy Stout from the District Court's dismissal of his petition for a writ of habeas corpus.

Appellant was convicted of rape at jury trial and sentenced to ten years' imprisonment by the Circuit Court of Umatilla County, Oregon, in 1965. His conviction was affirmed on appeal. State v. Stout, 241 Or. 606, 407 P.2d 897 (1965). After exhausting state remedies,[1] appellant petitioned the District Court for a writ of habeas corpus on the grounds that he was denied due process by the prosecution's suppression of material information and that his confession was inadmissible at trial because it was involuntary and had been elicited without the requisite warnings. We affirm the District Court's dismissal of the petition.

### (1) *Suppression of material information*

■ Appellant's trial counsel requested that the rape victim, appellant's stepdaughter, be given a psychiatric examination. Following the examination, the psychiatrist reported to the prosecutor that the victim suffered from a "mild undifferentiated schizophrenic reaction manifested by poor mental concentration, and by impaired reality contact, shyness, sadness, tendency to withdraw and marked sensitiveness" but that he thought she "was telling the truth regarding the alleged sexual situation with her stepfather in as much as I had not been able to detect any discrepancies in her story, and her descriptive detail had been unusually complete." The prosecutor told defense counsel only that the psychiatrist believed the victim to be "all right" and telling the truth about the rape although she suffered from "some sort of emotional reaction." Subsequent to trial, defense counsel signed an affidavit that, had he known the contents of the psychiatrist's report, he would have more fully pursued the issue of the victim's mental condition at trial. Appellant thus claims that the suppression of the report resulted in a denial of due process.

The Supreme Court held in Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963):

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt

1. Stout v. Gladden, 250 Or. 490, 443 P.2d 631 (1968).

or to punishment, irrespective of the good faith or bad faith of the prosecution."

The District Court found that the suppressed information was not material. The Court further stated, "If [defense counsel] had introduced evidence of the girl's condition, based on [the psychiatrist's] diagnosis, I find the jury would not have reached a different result." Under the pretrial order, the matter was submitted to the District Court upon the state court record of the trial, the state court record of the post-conviction proceedings, certain affidavits and a letter, and the testimony of the petitioner. The District Court made its own findings. Our examination of the record leads us to the conclusion that they are fully supported by the evidence. The prosecutor gave defense counsel a reasonable layman's summary of the psychiatric report. Had defense counsel desired additional information, he could have consulted the psychiatrist.

#### (2) *Admissibility of confession*

Appellant was arrested at a bar and taken to the police station. On two occasions the officers advised him that he did not have to make a statement, that anything he said could be used against him, and that he had the right to seek legal counsel. He responded that, "I don't need no attorney because I haven't done anything", but confessed after ap-proximately thirty minutes of questioning. Appellant now alleges that his confession was inadmissible because it was elicited in an atmosphere of coercion and without effective waiver of his right to counsel. Appellant, an indigent, was not advised that he had a right to consult a court-appointed attorney and have him present during interrogation.

The District Court found the confession to be voluntary. We agree. Appellant was tried subsequent to Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and prior to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This court has held that *Escobedo* does not render inadmissible a confession given in absence of counsel where no request for counsel was made. Manning v. California, 378 F.2d 357 (9th Cir. 1967), *cert. denied*, 389 U.S. 878, 88 S.Ct. 181, 19 L. Ed.2d 169 (1967). Absent request for counsel, *Escobedo* requires only that the accused be warned of an absolute constitutional right to remain silent. Schoepflin v. United States, 391 F.2d 390, 392 (9th Cir. 1968), *cert. denied*, 393 U.S. 865, 89 S.Ct. 146, 21 L.Ed.2d 133 (1968).[2]

Our disposition of these two issues renders moot appellant's final issue concerning the time of his discharge from custody.

Judgment affirmed.

---

2. The state of Oregon, in State v. Neely, 239 Or. 487, 395 P.2d 557, 398 P.2d 482 (1965), went beyond the United States Supreme Court's *Escobedo* standards and partially presaged *Miranda* by holding that, before interrogation an accused "must effectively be informed of his right to assistance of counsel as well as his right to remain silent." 398 P.2d at 487. The Oregon Supreme Court, however, held that Stout was not entitled to attack his confession in light of *Neely* for the first time on appeal where he had not presented the issue to the trial court. State v. Stout, 241 Or. 606, 407 P.2d 897 (1965). Appellant now asks this court to consider his confession in light of *Neely*. We decline to do so. The federal courts will entertain a habeas corpus petition only insofar as petitioner alleges "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal courts are bound by a state court's determination on errors arising under state law which are not of federal constitutional character. *See* Wilson v. Anderson, 379 F.2d 330, 334 (9th Cir. 1967), *rev'd on other grounds sub nom.* Anderson v. Nelson, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968).