Robert Edwin **FRANCIS**, Petitioner,

v.

**STATE OF CALIFORNIA** et al.,
Respondents.

**Civ. No. 70–1429–AAH.**

United States District Court,
C. D. California.

April 29, 1971.

Robert Edwin Francis, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Geoffrey S. Cantrell, Deputy Atty. Gen., for respondents.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

HAUK, District Judge.

Petitioner is in custody at California Men's Colony, San Luis Obispo, following his conviction for violating Penal Code § 273a(1) (conduct likely to produce great bodily harm or death to a child). After a non-jury trial, he was sentenced

October 17, 1968, to state prison for the term prescribed by law, one to ten years.

The conviction was affirmed by the Court of Appeal, Second Appellate District, April 24, 1970, petition for rehearing was denied by the same Court, and petition for hearing was denied by the California Supreme Court June 17, 1970. He did not seek any other post-conviction relief in the State, claiming that all grounds had been presented on appeal. An earlier petition to this Court, #70–1173–AAH, was denied because his appeal was then pending in the State Supreme Court. His State remedies have now been exhausted.

In this Petition, Petitioner contends that his constitutional rights were violated in that:

1. He was denied his right to a speedy trial.

2. He was illegally arrested without a warrant and without probable cause.

3. Statements made after his illegal arrest were erroneously admitted into evidence.

4. Statements were inadmissible because there was no proof of the corpus delicti.

5. Statements were inadmissible because no warnings were given and there was no proof of an intelligent waiver.

6. There was error in connection with rulings on the admissibity of certain evidence.

7. The crime charged requires specific intent, which was not proven.

8. The Court erred in not considering evidence of diminished capacity to mitigate intent.

9. The evidence does not support the conviction.

10. The conviction should be reduced to a misdemeanor.

11. Trial counsel was ineffective.

In addition to the Petition, the Response, Petitioner's "response [sic]" and the points and authorities cited therein, the Court has carefully reviewed the following:

1. Two Supplements to Petition.

2. Footnotes to "petitioner's response."

3. Supplement to "petitioner's response."

4. Appellant's brief on appeal.

5. Respondent's brief on appeal.

6. Unpublished opinion of the Court of Appeal, Second Appellate District.

7. Supplement to appellant's brief on appeal.

8. Amendment to above supplement.

9. Petition for rehearing on appeal.

10. Petition to Supreme Court for hearing.

11. Reporter's transcript on appeal.

12. Clerk's transcript on appeal.

13. Clerk's supplemental transcript on appeal.

The Court is, therefore, fully advised in the premises and orders that this Petition for Writ of Habeas Corpus be denied for the following reasons.

At the outset, it is noted that the original Petition fails to name a proper respondent, which is normally a fatal defect. Olson v. California Adult Authority, 423 F.2d 1326 (9th Cir. 1970). Nevertheless, the Court prefers to dispose of the matter on its merits, and will permit the addition of H. V. Field, Superintendent, as Respondent.

■ *First.* Although Petitioner was arraigned October 6, 1967, and not tried until September 23, 1968, the records plainly show that much of the delay was caused by suspension of proceedings for sanity hearings and subsequent commitment (C.T. 76–95). There were several waivers by Petitioner (C.T. 90, 91, 92, 96), and the Court did everything possible to expedite the trial. The Appellate Court considered and rejected this claim (Op. 13–14) and Petitioner has offered no evidence of the incorrectness of that ruling.

More important, so far as the Federal Constitutional right to a speedy trial is

concerned, Petitioner fails to show that the delay deprived him of a fair trial, or that he was in any way prejudiced. Hernandez v. Schneckloth, 425 F.2d 89 (9th Cir. 1970); White v. Wilson, 399 F.2d 596 (9th Cir. 1968).

*Second.* The Appellate Court correctly held that there was probable cause for the arrest (Op. 10–11). Policewoman Anderson testified to a call from Dr. O'Reilly in which he stated that the child was in extreme medical danger (C. T. 37, 38). The Doctor told her about treating the child July 20th, at which time he directed Petitioner to a Pediatrician, and again on July 24, 1967, when he sent Petitioner and the child to Children's Hospital. Her testimony in this respect agrees with that given by Dr. O'Reilly on direct and cross-examination (C.T. 3–22).

Anderson further testified that she was present at the original examination of the child at Children's Hospital on July 25, 1967, and observed some of the injuries (C.T. 44). Later the same day she received a call from Dr. Athrop of that Hospital, stating that he had ruled out the possibility of illness and was sure that the injuries were the result of a traumatic blow. (C.T. 41–42). She related all these facts to Officer Martin who arrested Petitioner and his wife the same night.

■ The statements of both Doctors and observation by a fellow officer, which had been communicated through channels to the arresting officers, certainly warranted them in believing that a felony was being committed, namely, that the Petitioner was putting the life and limb of the child in danger in spite of having been warned that authorities would be notified if he failed to take the child to the Hospital (C.T. 10). Petitioner's attempts at the trial to explain his actions (C.T. 160, 164), which were at variance with his earlier statements to Officer Miller (R.T. 81), are immaterial. The facts clearly show probable cause for the arrest under the test set forth in Wong Sun v. United States, 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

■ The arrest was, therefore, legal, but even if it had not been, mere defects in the arrest procedure would not be a ground for discharge here, since we find that the conviction was the result of a full and fair trial. Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965).

*Third.* Grounds 3, 4 and 5 all deal with statements made by Petitioner after his arrest. Our discussion above as to the legality of the arrest disposes of any claim that evidence, whether by way of statement or by search, was unlawfully obtained. The trial Court determined the voluntariness of any statements and it is clear that there was no showing of prejudice or lack of a fair trial under California standards. People v. Lee, 3 Cal.App.3d 514, 516, 522, 83 Cal.Rptr. 715 (1970).

The Court of Appeal correctly held that there was not the slightest element of coercion involved in the statements (Op. 10–13). Contrary to the assertions, the testimony of Officer Brown was that Petitioner was told his rights and said he clearly understood them before making a statement on July 26, 1967 at 7 P.M. (C.T. 54–66). At 8 P.M. the same day, his rights were again explained by Officer Miller (R.T. 69) who then took his statement (R.T. 78–87). These statements were actually inculpatory, since they did not admit guilt, but attempted to explain reasons for not getting help for the baby. The most damaging admissions were made by Petitioner to the psychiatrists, whose reports were admitted by stipulation. This was a tactical decision by counsel which is binding on the Petitioner. Hill v. Nelson, 423 F.2d 167 (9th Cir. 1970).

■ The Court pointed out that the corpus delicti was proven independently from the statements (Op. 9, 10). The cases there cited as well as People v. Scott, 274 Cal.App.2d 905, 909, 79 Cal. Rptr. 587 (1969) indicate that a defendant who chooses to testify is as competent to establish the corpus delicti as any

other witness. The facts also warrant the determination that he applied the force required, since Petitioner was alone with the child on both occasions before the Doctor, and there was evidence that force caused the injury, and Petitioner's wife was working at the time. People v. Fuentes, 253 Cal.App.2d 969, 61 Cal.Rptr. 768 (1967).

*Fourth.* We have carefully considered the rulings on 5 matters about whose admissibility Petitioner complains. These are matters of State law, not of a constitutional character, and taken cumulatively do not amount to a denial of due process or violation of a Federal constitutional right. LaBrasca v. Misterly, 423 F.2d 708 (9th Cir. 1970); Wilson v. Anderson, 379 F.2d 330, 334 (9th Cir. 1966), reversed on other grounds sub nom. Anderson v. Nelson, 390 U.S. 523, 88 S.Ct. 1133, 20 L.Ed.2d 81 (1968).

■ *Fifth.* As to ground 7, the Court held that no specific intent is necessary for conviction under this Statute, and that the defense of diminished capacity is available only where specific intent is required (Op. 14). This Court is bound by the State Court's determination of alleged errors arising under State law which are not of Federal constitutional character. Stout v. Cupp, 426 F.2d 881 (9th Cir. 1970); Wilson v. Anderson, *supra.*

*Sixth.* Petitioner errs in contending that the Court did not consider the defense of diminished capacity, even though it was not a proper defense (Op. 14–15). After many discussions and offers of proof, the trial Court permitted defendant to offer evidence on this matter though doctors' reports, and did, in fact, consider them. (R.T. 139–147, 175–181, 194).

■ *Seventh.* Sufficiency of the evidence cannot be considered or reweighed by Federal habeas corpus. Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965).

■ *Eighth.* Reducing the conviction to a misdemeanor, discussed in Opinion 15–17, is a matter of State law, and,

like the admissibility of evidence discussed above, involves no Federal question.

■ *Ninth.* The final ground, ineffectiveness of trial counsel, was not discussed by the Appellate Court, although discussed by appointed counsel in the brief on appeal. The claim is based on the failure to call certain witnesses, failure to object to statements by Dr. O'Reilly or to move to strike his testimony, and erroneous withdrawal of the insanity plea.

The record shows that on August 9, 1968, counsel told the trial Court that Petitioner had given him the names of 11 witnesses (R.T. 43), and trial was then set for September 20, 1968. On August 14, 1968, new counsel was substituted at Petitioner's request. In retaining the trial date, the Court referred to the earlier request for witnesses (R.T. 59). Nothing further was ever said about them, and in view of the Petitioner's statement that their testimony related to a domestic problem primarily (R.T. 47), it can be assumed that new counsel decided that their testimony would be of no value. There is no allegation about what the testimony would have been, how it might have affected the outcome of the case, or what prejudice may have resulted from failure to call them. The allegations are purely conclusory. Boehme v. Maxwell, 423 F.2d 1056 (9th Cir. 1970).

The other claims relating to inefficiency of counsel are equally without merit. Counsel objected to the Doctor's testimony and also cross-examined him, but there was no way to exclude the testimony and no ground to make a motion to strike it. The fact that the law permits counsel to make such a motion does not mean that he must do so in all cases. As a competent attorney, he must exercise his discretion based on the facts available to him, and Petitioner has alleged no facts to show abuse of that discretion. Duarte v. Field, 297 F.Supp. 41, 43–44 (C.D.Cal.1969).

The above reasoning applies to the withdrawal of the insanity plea. The

reports of 3 Doctors, read by the Court, clearly stated that Petitioner was sane at the time of the commission of the offense (C.T.Supp. 14, 19, 24), so there would seem to be no likelihood of proving insanity. Moreover, the trial Court interrogated Petitioner at great length before permitting the insanity plea to be withdrawn, and ascertained that Petitioner knew what was being done (R.T. 206–209). At that time Petitioner stated that the Doctors were professionals and what they say must be true.

Clearly, counsel met the test of the standard of competency set forth in Brubaker v. Dickson, 310 F.2d 30, 37 (9th Cir. 1962). The exercise of a considered choice of trial tactics may be unwise in retrospect, but it does not rise to the level of deprivation of due process under that standard. Johnson v. Craven, 432 F.2d 418 (9th Cir. 1970).

From this Court's examination of the relevant facts and proceedings in the State courts, it appears that Petitioner's contentions were adequately litigated, that the State process gave him fair consideration of the issues and of the evidence, and that the State courts made determinations which are supported by substantial evidence. The State triers of fact have applied correct standards of Federal law to the facts of this case as required by Townsend v. Sain, 372 U.S. 293, 314–315, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963), and no evidentiary hearing is necessary since Petitioner has failed to sustain the burden of overcoming the presumption of correctness set forth in 28 U.S.C. § 2254(d). Piche v. Rhay, 422 F.2d 1309 (9th Cir. 1970).

It is therefore ordered as follows:

1. The name of H. V. Field, Superintendent, is added as party Respondent.

2. The within Petition for Writ of Habeas Corpus is hereby denied.

3. The Clerk of the Court shall serve copies of this Order, by United States mail, on the Petitioner and on the Attorney General of the State of California.