52 F.3d 332
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eddie Lee FAIN, Petitioner-Appellant,
v.
R.G. BORG, et al., Respondent-Appellee.
 No. 94-16040.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 6, 1995.
 
 Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Eddie Lee Fain ("Fain") appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his convictions for burglary. We have jurisdiction under 28 U.S.C. Sec. 2253, and we review de novo the district court's denial of Fain's petition. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). We affirm.
 
 I.
 
 3
 Fain's first contention is that his Miranda rights were violated when he was arrested on September 25, 1988. He claims that because he was not informed of his Miranda rights, the statements he made at the time of his arrest should have been suppressed. The government argues that this claim is procedurally defaulted because it was not raised on state appeal. We need not decide that issue, however, because it is clear that Fain's Miranda claim has no merit.
 
 
 4
 There is no dispute that Fain was not informed of his Miranda rights before the booking officer asked him where he lived. But this does not constitute interrogation within the meaning of Miranda. See United States v. Perez, 776 F.2d 797, 799 (9th Cir.1985); United States v. Feldman, 788 F.2d 544, 554 (9th Cir.1986). Ordinary booking questions and the routine gathering of background biographical information are generally not aimed at eliciting an incriminating response. United States v. Booth, 669 F.2d 1231, 1238 (9th Cir.1981); United States v. Gonzales-Sandoval, 894 F.2d 1043, 1046 (9th Cir.1990). There is nothing in the record to suggest that the question asked by the booking officer was likely to elicit an incriminating response from Fain.
 
 
 5
 Nor was Miranda implicated by the statements Fain volunteered at the crime scene. Upon being told that he was under arrest for burglary, Fain immediately stated: "I ain't no burglar. Some lady invited me over. She let me in; this is her house." He also blurted out: "The lady that invited me over here is named Mary. She's the one who asked me over." These spontaneous statements were not made in response to any questioning or prompting by the police; they were voluntary and uncoerced. Therefore, use of the statements at trial was not precluded by Miranda. See Rhode Island v. Innis, 446 U.S. 291, 300 (1980); Booth, 669 F.2d at 1237 (spontaneous or volunteered statement of suspect in custody admissible despite absence of Miranda warnings).
 
 II.
 
 6
 Fain also complains about the introduction of evidence at trial which was obtained in violation of his fourth amendment rights. Specifically, he contends his rights were violated when (1) his personal property was unlawfully seized; (2) his car was unlawfully searched; and (3) he was subjected to a non-consensual blood test following his arrest. These claims, however, do not warrant habeas relief.
 
 
 7
 Federal habeas corpus review does not extend to fourth amendment claims where the state has provided an opportunity to fully and fairly litigate the issue. Stone v. Powell, 428 U.S. 465, 494 (1976). Whether the petitioner actually litigated his fourth amendment claims is irrelevant because the Constitution only requires that he be given an opportunity to litigate them. Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).
 
 
 8
 In this case, Fain offers no evidence that he was deprived of an opportunity to fully and fairly litigate the unlawful search and seizure issues in state court. Accordingly, he is precluded from raising them in his Sec. 2254 petition. Stone, 428 U.S. at 494; Gordon, 895 F.2d at 613.
 
 III.
 
 9
 Fain further claims that habeas relief is warranted because he was not present in court on November 18, 1988, when counsel was appointed to represent him. He also contends that he was not booked or arraigned on various burglary charges. However, the record reflects that Fain was present in court on November 18, 1988, when counsel was appointed to represent him and waived a full reading of the supplemental information charging Fain with the various burglary counts. Fain himself admitted on the record that he had been arraigned, and he has pointed to no evidence to support his claim that he was not "booked." In any event, we know of no authority which grants a right to be "booked." Fain's unsupported claims simply do not rise to the level of a due process violation, or otherwise merit habeas relief. See 28 U.S.C. Sec. 2254(a); Bashor v. Risley, 730 F.2d 1228, 1232 (9th Cir.1984) (habeas relief available only where imprisonment violates Constitution, laws or treaties of the United States).
 
 IV.
 
 10
 Fain's ineffective assistance of counsel claims also fail. He complains that trial counsel was ineffective by (1) failing to move to suppress statements obtained in violation of his Miranda rights; (2) failing to move to suppress evidence obtained in violation of his fourth amendment rights; (3) failing to challenge the probable cause for his arrest; (4) failing to file a motion challenging the sufficiency of evidence at the preliminary hearing; (5) failing to object to the admission of certain evidence which had not been fingerprinted; (6) failing to adequately argue the prejudicial effect of the jury having seen him in handcuffs; and (7) allowing him to waive his right to a jury trial on the prior offenses charged. Fain argues that appellate counsel was ineffective by failing to raise a number of these issues on direct appeal.
 
 
 11
 To succeed on his ineffective assistance claims, Fain must show that (1) his counsel's performance was deficient, and (2) he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate prejudice, Fain must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Miller v. Keeney, 882 F.2d 1428, 1434 n. 9 (9th Cir.1989). He has not made the requisite showing.
 
 
 12
 As mentioned above, there was no Miranda violation so no motion to suppress was required. Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir.1985) (failure to raise a meritless argument is not ineffectiveness). Nor do we believe that a motion to suppress evidence obtained from Fain upon his arrest was warranted or would have been successful. See, Chimel v. California, 395 U.S. 752, 755, 763 (1969) (no warrant is needed when search is incident to an arrest upon probable cause); Lowrey v. Lewis, 21 F.3d 344, 347 (9th Cir.1994) (counsel not ineffective for not filing suppression motion he reasonably believed would lose). Moreover, no evidence obtained from Fain's car was admitted at trial, and the blood test results admitted were actually favorable to the defense. See Haley v. Armontrout, 924 F.2d 735, 738 (8th Cir.1991) (no ineffectiveness where no evidence from search was used against defendant).
 
 
 13
 We are also unpersuaded by Fain's argument that his counsel failed to adequately challenge his arrest and the sufficiency of evidence against him. The record reflects that a motion to dismiss for lack of probable cause was filed. The motion was denied, except that the court reduced one of the charges against Fain. The sufficiency of evidence was also challenged on appeal and it was upheld. No ineffectiveness or prejudice has been shown.
 
 
 14
 We likewise reject Fain's argument that his trial counsel was ineffective by failing to investigate and call an unnamed witness, object to the admission of evidence which was not fingerprinted, or more persuasively argue that he was prejudiced by being seen in shackles. Fain has simply failed to overcome the "strong presumption that counsel's conduct falls within the range of reasonable professional assistance ..." Strickland, 466 U.S. at 689 (1984). And, he has come forth with no facts or law to demonstrate a "reasonable probability" that the result of his trial would have been different but for these events.
 
 
 15
 Finally, we find nothing improper about counsel's performance as it related to Fain's jury trial waiver on his prior convictions. The record reflects that Fain made a knowing and voluntary waiver, and he fails to identify any error or misadvise by counsel. Nor has Fain demonstrated that counsel's failure to challenge the documentary evidence of Fain's prior convictions was ineffective or prejudicial.
 
 V.
 
 16
 Fain also appeals the district court's denial of an evidentiary hearing on his habeas petition. We review the district court's decision to deny a hearing for abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991). Evidentiary hearings are not required in cases, like this one, where the issues can be resolved by reference to the record. Bashor v. Risley, 730 F.2d 1228, 1233 (9th Cir.1984). Nor are they required to resolve allegations that are "conclusory and wholly devoid of specifics." Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir.1970). We find no abuse of discretion in this case.
 
 VI.
 
 17
 On appeal, Fain raises a variety of other issues.[1] Because those issues were not presented in Fain's habeas corpus petition to the district court, we decline to address them on appeal. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) (grounds not raised in habeas petition are not cognizable on appeal). We nevertheless note that, on their face, most of the new claims fail to raise a federal question. Moreover, Fain has not demonstrated that our consideration of any of the issues is necessary to prevent a manifest miscarriage of justice. Thomason v. Klinger, 349 F.2d 940, 940-41 (9th Cir.1965).
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fain complains that his arraignment was not timely, he was denied a speedy trial, certain transcripts were not provided to him, his offenses were improperly joined for trial, the prosecution improperly used his post-arrest silence, there was insufficient evidence to convict him, he was precluded from testifying by the threat of impeachment with prior convictions, he discovered "new" evidence regarding the trial court's failure to give a particular jury instruction, and the complaint against him and other pleadings were not signed