61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald PLATZER, Petitioner-Appellant,
v.
Janet BARBOUR, Superintendent, Defendant-Appellee.
 No. 94-35607.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Platzer was convicted in Washington state court on May 19, 1989 of two counts of second degree rape of a child, one count of violation of the Uniform Controlled Substances Act, and two counts of furnishing liquor to a minor. He was sentenced to a 54-month prison term. Platzer filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. Sec. 2254, claiming that he received ineffective assistance of counsel at trial and that the trial judge failed to instruct the jury regarding the presumption of innocence. The district court denied his petition.
 
 
 3
 Platzer now appeals that denial and argues that the district court erred by refusing to conduct an evidentiary hearing on his claims. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm.
 
 I.
 
 4
 Platzer claims that he received ineffective assistance of counsel because his attorney failed to contact four potentially exculpatory witnesses, two of whom prepared sworn statements after the trial. We review this mixed question of law and fact de novo. Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir. 1994).
 
 
 5
 To prove ineffective assistance of counsel, Platzer must show both that his counsel performed deficiently, and that this deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 694-696 (1984); Morris v. California, 966 F.2d 448, 454 (9th Cir.), cert. denied, 113 S. Ct. 96 (1992). We need not address whether Platzer's attorney did perform deficiently, because Platzer failed to demonstrate a reasonable likelihood that this deficiency changed the outcome of the proceeding. Strickland, 466 U.S. at 694. The witness statements Platzer submitted do not raise any new credibility arguments, and do not contradict the evidence presented at trial regarding the occurrence of the alleged sexual acts. Therefore, Platzer's claim of ineffective assistance of counsel fails.
 
 II.
 
 6
 Platzer argues that the trial judge neglected to give the jury a presumption of innocence instruction. He relies on the fact that the state court clerk did not recover the original copy of the jury instructions after the jury returned a verdict. The district court found credible the trial judge's sworn statement that his file copy of the jury instructions was an exact duplicate of the instructions that he read to the jury and gave to the parties, as reflected by the court reporter's transcript. We review the district court's factual findings under the clearly erroneous standard. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir. 1991). Platzer has offered no evidence to rebut the trial judge's sworn statement, other than the fact that the original copy of the jury instructions is missing. Therefore, the district court's determination that the presumption of innocence instruction was given was not clearly erroneous. Platzer's contention fails.
 
 III.
 
 7
 Finally, Platzer claims that the district court erred by refusing to hold an evidentiary hearing on his claims. We review the district court's decision to deny Platzer's request for an evidentiary hearing for abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir. 1991).
 
 
 8
 An evidentiary hearing is required when (1) the petitioner's specific factual allegations, if proven, would establish his prima facie right to relief, and (2) the state court trier of fact has not reliably found the relevant facts. Id. at 1415. A federal district court is not required to grant an evidentiary hearing where the allegations in the petition are "conclusory and wholly devoid of specifics." Bashor v. Risley, 730 F.2d 1228, 1233-34 (9th Cir.) (quoting Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970)), cert. denied, 469 U.S. 838 (1984). Platzer fails to allege specific facts to establish his prima facie right to relief. He argues only that the original copy of the jury instructions was not recovered, and that his attorney failed to interview potential witnesses whose stories did not contradict the testimony given at trial. The district court did not abuse its discretion by refusing to hold an evidentiary hearing on these claims.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Petitioner's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3