**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TYRONE POWELL,<br><br>                Petitioner - Appellant,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA and ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>                Respondents - Appellees. | No. 09-17090<br><br>D.C. No. 2:05-cv-01786-GEB-KJM<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted January 10, 2011[**]
San Francisco, California

Before: WALLACE, NOONAN, and SILVERMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tyrone Powell appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

Powell contends that: (1) his due process and confrontation rights were violated when the trial court admitted Lavesha Warr's 911 call into evidence; (2) his trial was rendered fundamentally unfair when the entire transcript of Gerriettia Warr's 911 call was briefly distributed to the jurors; and (3) his trial counsel rendered ineffective assistance by failing to investigate adequately whether Powell's 1988 second-degree robbery conviction constituted a "strike" for sentencing purposes.

We review the district court's denial of habeas relief de novo. *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir. 2001).

## I.      Lavesha Warr's 911 Call

### A.      Due Process

Powell claims that his due process rights were violated in two ways. First, he argues that the prosecution knowingly presented false testimony to the jury in the form of Lavesha Warr's statement to the 911 operator that her mother's "best friend" was the shooter. This argument is raised for the first time here. In the district court, Powell argued instead that the admission of Lavesha's statement

violated his confrontation clause rights. Second, Powell argues that Lavesha's identification of the shooter as her mother's "best friend" resulted from an impermissibly suggestive procedure. This argument was also not made in the district court. Because Powell failed to raise these claims before the district court, they are not cognizable on appeal and we decline to consider them. *Robinson v. Kramer*, 588 F.3d 1212, 1217 (9th Cir. 2009).

### B. Confrontation Clause

Powell claims that his right to confront adverse witnesses was violated because he was not permitted to cross-examine the 911 operator about the statements made by the operator during Lavesha's 911 call. Powell raised this argument for the first time in his reply brief. Because Powell failed to raise this argument in his opening brief, it is waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Moreover, because the 911 operator's questions to Lavesha during the phone call were not testimonial in nature, their admission did not violate Powell's confrontation rights. *Davis v. Washington*, 547 U.S. 813, 821 (2006).

## II. Gerriettia Warr's 911 Call

The district court did not grant a certificate of appealability with respect to Powell's claims concerning the improper distribution to the jury of the full transcript of Gerriettia Warr's 911 call. We construe Powell's *pro se* opening brief

as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22-1(e). Powell has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Mendez v. Knowles*, 556 F.3d 757, 770-71 (9th Cir. 2009).

## III. Ineffective Assistance of Counsel

Powell argues that he received ineffective assistance of counsel because his trial attorney failed to investigate adequately whether Powell's 1988 second-degree robbery conviction qualified as a "strike" under California's three-strikes law. We disagree. Other than one conclusory statement that "defense counsel in the present case was clearly ineffective," Powell does not even argue that his counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Powell does not suggest that his trial counsel knew about Powell's alleged agreement with the prosecutor following his 1988 conviction, or that trial counsel had any other reason not to take at face value state court records that clearly showed that Powell had pleaded guilty to second-degree robbery, a serious felony for "three-strikes" purposes. Moreover, the documents Powell submitted to attack his 1988 conviction instead corroborate its validity. Powell's conclusory assertion that counsel was "clearly ineffective," unsupported by any allegations of fact demonstrating deficient performance by

counsel, does not warrant habeas relief. *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970).

Powell also argues that the district court erred in denying his request for an evidentiary hearing on his ineffective assistance of counsel claim. Because, as discussed above, Powell failed to raise any allegations of fact that, if proven, would show that his trial counsel's performance fell below an objectively reasonable standard, the district court did not abuse its discretion in denying Powell's claim without an evidentiary hearing. *See West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010) ("To obtain an evidentiary hearing in district court, a habeas petitioner must . . . allege a colorable claim for relief.").

AFFIRMED.