Samuel E. HALEY, Appellant,

v.

Bill ARMONTROUT, Appellee.

No. 89–2989WM.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 9, 1990.

Decided Jan. 22, 1991.

Rehearing and Rehearing En Banc
Denied March 12, 1991.

John D. Landwehr, Jefferson City, Mo., for appellant.

Frank Jung, Jefferson City, Mo., for appellee.

Before ARNOLD and FAGG, Circuit Judges and WATERS *, District Judge.

H. FRANKLIN WATERS, District Judge.

Samuel E. Haley, a Missouri prisoner convicted of assault and robbery, appeals from the district court's [1] denial of his petition for habeas corpus. 28 U.S.C. § 2254. Haley argues that the district court erred in not providing him an evidentiary hearing. Haley contends that (1) he was denied the effective assistance of counsel in the state court criminal proceedings; (2) the search which led to his arrest was unlawful; (3) the convictions and sentence imposed were violative of the double jeopardy clause of the fifth amendment; and (4) the exclusion of women from his grand and petit juries violated the "fair cross-section" requirements of the sixth and fourteenth amendments. We hold that Haley is not entitled to *habeas* relief and affirm.

Haley was convicted on September 5, 1978, of two counts of first degree robbery and two counts of assault with intent to kill with malice aforethought and was sentenced to four consecutive life terms. *See, State v. Haley*, 603 S.W.2d 512 (Mo.1980). At trial the victims testified that Haley, who was known to them, came to their apartment in Kansas City on February 13, 1978, and robbed them of jewelry and money at gunpoint. Haley then, according to the state's testimony, forced the victims to lie on a bed, placed a pillow over each of their heads and fired his gun into the pillows. When the bullets failed to penetrate the pillow, one of the victims was shot again.

Haley's defense was an alibi which was supported by his testimony and that of others. After completion of his direct appeal, Haley instituted a state post-conviction proceeding under Missouri Supreme Court Rule 27.26, presenting sixty grounds for relief. This motion was denied on March 15, 1983 (*See*, Resp. Exh. B, pp. 4–27). The Missouri Court of Appeals affirmed. *See Haley v. State*, 679 S.W.2d 886 (Mo.App.1984).

Haley then filed a second motion under Rule 27.26. In this motion, he alleged that he was denied due process of law by Jackson County's automatic exemption of women from grand and petit jury service. This motion was denied as successive, pursuant to Rule 27.26(d), on June 7, 1984 (*See* Resp. Exh. J, pp. 1, 5). No appeal was taken.

Haley's third post-conviction motion was filed on December 19, 1984. In this mo-

---

* The Hon. H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

1. The Honorable Joseph E. Stevens, Jr., Judge, United States District Court, Western District of Missouri.

tion, he raised three grounds for relief: (1) ineffectiveness of his counsel during the first post-conviction proceedings; (2) ineffectiveness of trial counsel for failing to object to the jury selection procedures; and (3) an unlawful jury selection process under state law. This motion, too, was denied as successive on February 4, 1985. The denial was affirmed on appeal. *See Haley v. State*, 716 S.W.2d 314 (Mo.App.1986). The state trial court and the state court of appeals held that the first claim did not state grounds for relief under Rule 27.26 and the second and third claims either were raised or could have been raised in Haley's first post-conviction proceeding.

Haley filed his petition for a writ of habeas corpus under § 2254 on July 7, 1983. Counsel was appointed on July 22, 1985, and an amended petition was filed on August 22, 1985. On September 6, 1988, the district court entered an opinion and order denying Haley's petition.

The district court noted that Haley raised sixty grounds for relief in his first post-conviction motion after filing at least five amendments to his original motion. The state court held seven hearings at which Haley was represented by counsel. On appeal of the original denial, he raised only five grounds: (1) his trial attorney was ineffective because counsel failed to interview and call certain witnesses to testify, and was generally ineffective; (2) Haley's arrest was illegal; (3) Haley's sentence violates the constitutional prohibition against double jeopardy; (4) he was denied a fair cross-section of jurors because women were systematically excluded from the jury wheel; and (5) that one of the victims committed perjury during the criminal trial. As indicated, the Missouri Court of Appeals denied relief on the grounds raised.

The district court concluded that of the sixty-odd grounds advanced by Haley in his first state court post-conviction motion, only six grounds had been "fairly presented" and could be reviewed on their merits. However, because of "procedural default" the district court held that Haley must demonstrate cause and actual prejudice flowing therefrom in order to obtain feder-

al review of twenty-three of the other grounds raised. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The district court also concluded that an evidentiary hearing was not required and that Haley's petition could be resolved on the basis of the record. *See Amos v. Minnesota*, 849 F.2d 1070 (8th Cir.), *cert. denied*, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988).

Haley again asserts that the warrantless entry and search of his family's home and his subsequent arrest violated his fourth and fourteenth amendment rights. It is, of course, well-settled that, absent exigent circumstances, an arrest warrant is required in order to arrest a suspect in his home or in any private place in which the suspect has a legitimate expectation of privacy as a guest or otherwise. *See Minnesota v. Olson*, —— U.S. ——, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990); *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Further, a search warrant is ordinarily required in order to search an individual's home or business, even to execute an arrest of a third person. *Steagald v. United States*, 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); *Pembaur v. Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *United States v. McIntosh*, 857 F.2d 466 (8th Cir.1988).

The state's justification for the warrantless arrest and entry of the home was that valid consent to enter was obtained prior to the entry. Haley produced evidence in the state post-conviction hearings to the effect that the police officers ignored the residents' requests that the officers produce a valid warrant, and instead forced their way inside after the front door was opened by a twelve-year-old boy. (Tr. 371). This allegedly occurred after Haley had contacted Sloan Wilson, a private attorney, who had made arrangements to peacefully surrender Haley to the authorities.

The district court, however, found that inquiry into the nature of the entry into the home by the officers was foreclosed by *Stone v. Powell*, 428 U.S. 465, 96

S.Ct. 3037, 49 L.Ed.2d 1067 (1976), unless Haley was denied a full and fair opportunity to litigate the issue in the state courts. *See Cody v. Solem*, 755 F.2d 1323 (8th Cir.1985), *cert. denied* 474 U.S. 833, 106 S.Ct. 104, 88 L.Ed.2d 84 (1985). The district court additionally noted that even if Haley was free to relitigate the issue, the asserted invalidity of the arrest would not vitiate his conviction, *see United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980), and no evidence was seized which was used against him at trial. It necessarily follows that Haley's counsel was not "ineffective" for failing to raise and preserve this issue. We perceive no error in the district court's analysis and accordingly affirm the denial of relief based upon this ground.

■ Haley next urges that his judgment and sentence violate the double jeopardy clause of the fifth amendment, in that he was punished twice for the same offense. Haley was convicted of two counts of first degree robbery, violations of § 560.120, Mo.Rev.Stat. (1969) and two counts of assault with malice aforethought, violations of § 559.180. He was sentenced to four consecutive life terms. Haley argues that he was subject only to punishment for the assaults or the robberies, but not both. The district court applied the "same offense" test established in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under the *Blockburger* test, where the same act or transaction constitutes a violation of two distinct statutory provisions, "the test to be applied to determine whether there are two offenses or only one, is whether each provision re-

quires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182.

Under § 560.120, Mo.Rev.Stat. (1969) several elements are required to constitute the offense of robbery in the first degree.[2] These are, insofar as applicable to these facts: (1) a felonious taking of the property of another from his person; (2) against his will; (3) by violence to his person or by fear of immediate injury to his person. The offense of assault with intent to kill as defined by § 559.180[3] has several elements: (1) purposely and with malice aforethought; (2) shooting at, or using force likely to produce death or great bodily harm against another; (3) with the intent to kill, maim, rape, or rob such person, or in the attempt to commit a felony.

It is at once apparent that the robbery statute requires a felonious taking of property while the assault statute does not. Conversely, the assault statute requires the use of a deadly weapon or force likely to produce death or great bodily harm while the robbery statute does not. Further, the evidence indicated that the robbery offenses were completed prior to the assault offenses, and that the victims were not assaulted for the purpose of carrying out a robbery. Thus, there is both factual and legal separation between the two types of offenses as committed by Haley. The trial court was correct in denying relief on this basis.

■ The district court next considered Haley's contention that his conviction was obtained at the hands of a petit jury which was impaneled in violation of the fair cross-

---

**2.** "560.120. Robbery in first degree. Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person; or who shall be convicted of feloniously taking the property of another from the person of his wife, servant, clerk or agent, in charge thereof, and against the will of such wife, servant, clerk or agent by violence to the person of such wife, servant, clerk or agent, or by putting him or her in fear of some immediate injury to his or her person, shall be adjudged guilty of robbery in the first degree."

**3.** "559.180. Assault with intent to kill. Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish or rob such person, or in the attempt to commit any burglary or other felony, or in resisting the execution of legal process, shall be punished by imprisonment in the penitentiary not less than two years."

section requirements of the sixth and fourteenth amendments, in that women were systematically excluded from the jury wheel in Macon County, Missouri. Haley lacks standing to assert that the exclusion of women from the jury violates the equal protection clause of the fourteenth amendment. A defendant asserting such a claim must show that he is a member of a cognizable group and that the state has systematically removed from the jury venire or petit jury panel members of the defendant's group. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). However, every defendant is entitled to object under the sixth amendment to a jury venire that is not designed to represent a fair cross-section of the community. *See Holland v. Illinois,* —— U.S. ——, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990).[1]

■ Art. 1, § 22(b) of the Missouri Constitution, at the time of Haley's conviction, by its terms allowed any woman to be excused from jury service upon request. Although the Missouri courts repeatedly upheld the state law against federal constitutional attack,[5] § 22(b) was declared unconstitutional by the United States Supreme Court in *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

The district court determined that no woman was expressly excluded from Haley's venire on the basis of gender. Further, the district court found that the venire from which Haley's petit jury was chosen consisted of 21 men and 17 women and the trial jury was comprised of seven women, five men, and one woman alternate. Thus, there was no significant under-representation of women on Haley's petit jury or jury venire. This is fatal to his claim based upon this ground.

■ Haley also argues that his conviction violates the due process clause because it was obtained by the state's knowing use of perjured testimony. Specifically, Haley contends that the prosecutor persuaded one of the victims to testify that Haley had lived with the victim approximately four to four and one-half years earlier, when, in fact, Haley was in custody during that time.

The district court concluded that the evidence failed to show that the prosecutor was aware that the testimony was false. However, Haley urges that the prosecutor must have known the testimony was false because the same prosecutor, Fred Bellemere, prosecuted and convicted him, resulting in his incarceration during the year in question.

After seven state court post-conviction hearings, the state judge found this allegation to be without evidentiary support. This finding was affirmed on appeal. The district court correctly noted that credibility determinations are for the state courts to resolve. *See Graham v. Solem,* 728 F.2d 1533 (8th Cir.) (*en banc*), *cert. denied,* 469 U.S. 842, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984). The most serious flaw in this argument, however, is that Haley has not demonstrated that the testimony was material, *i.e.* that there is a reasonable probability that the outcome would have been different had the truth been known. *See United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

Haley admitted that he knew the victims. Thus, it is reasonable to conclude that the victims also knew him and it is immaterial whether the victims had known him for two years or for five years. The point is that they knew him and he knew them. The error, if any, in the testimony of the victims does not significantly call into question their identification of Haley nor bolster his alibi defense. Thus, the district court correctly denied relief on this ground.

■ We next consider Haley's contention that his trial counsel was ineffective in several particulars. The state court made specific findings of historical fact relevant to this issue. Although a state court conclusion that counsel rendered effective as-

---

**4.** This does not extend to the petit jury. *Id.*

**5.** *See State v. Duren,* 556 S.W.2d 11 (Mo.1977); *State v. Lee,* 556 S.W.2d 25 (Mo.1977).

sistance is not binding on a federal court, its findings of specific historical fact are presumptively correct, particularly where credibility determinations are involved. *See Wainwright v. Witt,* 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985); *Sumner v. Mata,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982); *Graham v. Solem,* 728 F.2d 1533 (8th Cir.1984).

Unless one of the seven statutory criteria set forth in § 2254 is present[6] the state court finding must stand unless it lacks "fair support" on the record or the petitioner establishes by convincing evidence that its findings are erroneous. *See Marshall v. Lonberger,* 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

■ The state court found that Haley's trial counsel made a conscious, strategic decision not to present certain witnesses in support of Haley's alibi defense or in support of Haley's contention that he was framed by the victims and one Gant, an alleged drug dealer. The state court found that, in the opinion of Haley's trial counsel, these witnesses would not have benefitted him and may have had a significant detrimental effect on the outcome by casting Haley in the role of a fellow drug dealer.

Such strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because Haley cannot show that trial counsel's decisions were unreasonable, nor that there is a reasonable probability that the result of his criminal trial would have been different had counsel acted differently, counsel's failure to utilize these witnesses cannot form the basis of *habeas* relief. *See Schaeffer v. Black,* 774 F.2d 865 (8th Cir.1985).

■ Haley also urges that trial counsel failed to properly challenge the exclusion of women from grand juries in Jackson County and to preserve the issue for review. Haley contends that the "cause" under *Wainwright* for his failure to raise and preserve the issue was ineffective assistance of counsel.

Although the ineffectiveness of trial and state post-conviction counsel may provide such "cause" for failure to raise and preserve the issue, a *habeas* petitioner must demonstrate that counsel's performance was so deficient that it was not within the range of competence demanded of attorneys in such cases. *See Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. Further, there must be a reasonable probability that the outcome was prejudicially affected by the error. The district court specifically held that counsel was not deficient in failing to raise the issue of the exclusion of women from the grand jury that indicted him. Although we agree, we also note that under Missouri law, the state could have prosecuted Haley *via* information "at any time". *See* Missouri Supreme Court Rule 24.16. Although this is not conclusive on the issue of whether Haley was prejudiced as a result of trial counsel's failure to raise and preserve the challenge to the exclusion of women from the grand jury which indicted him, it certainly undercuts the proposition that a different ultimate result would have obtained "but for" counsel's "error", if there was error.

Therefore, we agree with the district court that Haley has not established an ineffective counsel claim on this basis, nor

---

**6.** "(1) that the merits of the factual dispute were not resolved in the State court hearing; (2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing; (3) that the material facts were not adequately developed at the State court hearing; (4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the state court proceeding; (5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding; (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or (7) that the applicant was otherwise denied due process of law in the State court proceeding; (8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record."

established cause for his state procedural default. Accordingly, we conclude that this alleged ground for relief was properly dismissed.

During oral argument, Haley's counsel made much of the fact that Haley's trial counsel labored under a "conflict of interest" which materially affected the outcome of the criminal trial. This alleged "conflict" arises from trial counsel's representation of James Davis, one of Haley's alibi witnesses, on an unrelated charge. Haley asserts that his trial counsel improperly allowed Davis' testimony to be presented *via* written statement after Davis telephoned counsel on the morning of trial to report that Davis had suffered "car trouble".

The record reflects that Haley personally indicated to the trial judge that Davis' written statement had been read to him, that the statement was an accurate representation of Davis' expected testimony, that he wished to proceed by having the statement read to the jury in order that the trial would not be delayed, that trial counsel had not coerced him into accepting the stipulation and that he had personally made the decision to proceed with the stipulation.

The district court found Haley's allegations of impropriety regarding Davis to be "vague and conclusory," and that Haley had failed to demonstrate that the state court findings of fact lack "fair support" on the record. We agree.

We have examined the remainder of Haley's arguments and find them to be without merit for the reasons stated by Judge Stevens in the court below. Accordingly Haley's petition for *habeas* relief was properly dismissed.