Max L. ALEXANDER, Appellant,

v.

Bill ARMONTROUT; William L. Webster, Appellees.

No. 92–1185.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1992.

Decided Feb. 16, 1993.

Rehearing Denied April 15, 1993.

---

Edward Barbosa, Kansas City, MO, argued, for appellant.

Stephen D. Hawke, Jefferson City, MO, argued, for appellees.

Before WOLLMAN, Circuit Judge, BRIGHT and HENLEY, Senior Circuit Judges.

WOLLMAN, Circuit Judge.

Max L. Alexander appeals from the district court's [1] order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

Alexander was charged with two counts of raping his thirteen-year-old niece and one count of sodomizing his eleven-year-old niece in the spring of 1983. At his trial in Missouri state court, both young girls testi-

---

1. The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

fied that Alexander and their mother[2] had forced them to perform sexual acts with Alexander. On October 13, 1983, the jury convicted Alexander on all three counts and sentenced him to three consecutive fifteen-year sentences.

The Missouri Supreme Court affirmed Alexander's conviction, *Missouri v. Alexander*, 729 S.W.2d 467 (Mo.1986) (en banc), and the Missouri Court of Appeals affirmed the denial of his motion for post-conviction relief, *Alexander v. Missouri*, 771 S.W.2d 385 (Mo.Ct.App.1989) (per curiam) (unpublished).

Alexander raises two issues on appeal. First, he argues that he was deprived of a fair trial as the result of an improper question that the prosecutor asked him on cross-examination. Second, he argues that he was denied effective assistance of counsel because his trial counsel failed to introduce certain medical records into evidence.

On cross-examination, the prosecuting attorney asked Alexander the following question: "Isn't it true that you've had some experience with the juvenile court taking the children away from you for sexually abusing them?" Alexander's counsel objected to the question and moved for a mistrial. After a sidebar with the attorneys, the trial court sustained the objection, denied the motion for a mistrial, and instructed the jury to disregard the question. Alexander contends that the question suggested that he had previously committed sexual abuse crimes in addition to those charged against him. He argues that the prosecutor's question was so prejudicial that the trial court's only adequate remedy was to grant a mistrial.

■ In a habeas proceeding, the standard of review for determining whether a prosecutor's improper question demands a mistrial is the "narrow one of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 642, 94 S.Ct. 1868, 1870, 40 L.Ed.2d 431 (1974)). Accordingly, the relevant inquiry is whether the prosecutor's question "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* (quoting *Donnelly*, 416 U.S. at 643, 94 S.Ct. at 1871); *see also Harper v. Grammer*, 895 F.2d 473, 482 (8th Cir.1990). In the light of the curative instruction given by the court and the evidence presented against Alexander, we conclude that the prosecutor's question did not render Alexander's trial so fundamentally unfair as to deny him due process.

■ We next turn to Alexander's claim that he was denied effective assistance of counsel. To establish an ineffective assistance claim, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel's performance is deficient if "counsel's representation [falls] below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2065. Counsel's performance prejudices an individual's defense if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

■ Alexander testified that since December 1980 he had been on medication that rendered him incapable of having an erection. His testimony was the only evidence offered to prove this claim. Alexander now asserts that his trial counsel erred in failing to obtain and introduce medical records that allegedly would have demonstrated that Alexander had been prescribed medication that causes impotence as a side effect.

Alexander has failed, however, to show that any such medical records currently exist or ever existed. We therefore find no evidence establishing that trial counsel performed deficiently.

■ Nevertheless, even if Alexander's trial counsel had introduced these hypo-

2. The girls' mother was convicted of similar charges in a separate trial.

thetical records into evidence, we find no reasonable probability that the outcome of Alexander's trial would have been different. Viewed in their most favorable light, the medical records would have shown only that Alexander had been prescribed medication that can potentially cause impotency. The medical records could not have demonstrated that he was in fact on the medication or impotent at the time he raped and sodomized his nieces. Moreover, under Missouri law, the medical records are irrelevant to whether Alexander could have committed the crimes with which he was charged. As the prosecutor told the jury in his closing argument, the inability to have an erection does not preclude the ability to penetrate a victim's vagina and thus commit rape. *See Missouri v. Ball*, 733 S.W.2d 499, 501 (Mo.Ct.App.1987). Likewise, impotency is no defense to sodomy. A person is guilty of sodomy if he engages in any sexual act involving his genitals and the mouth, tongue, hand, or anus of a person to whom he is not married and who is less than fourteen years old. *See* Mo. Stat. §§ 566.010, 566.060.

The order denying the petition for writ of habeas corpus is affirmed.