**Dwight WHARTON–EL,
Plaintiff–Appellant,**

v.

**Crispus NIX, Defendant–Appellee.**

**No. 93–4113.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 16, 1994.

Decided Sept. 30, 1994.

Edward J. Ennis, West Des Moines, IA, argued, for appellant.

Thomas McGrane, Asst. Atty. Gen., Des Moines, IA, argued, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, HENLEY and JOHN R. GIBSON, Senior Circuit Judges.

JOHN R. GIBSON, Senior Circuit Judge.

Dwight Wharton–El appeals from denial of his petition for a habeas corpus writ under 28 U.S.C. § 2254 (1988). Wharton–El was convicted of robbing the Ponderosa Steakhouse in Dubuque, Iowa, and the nearby Burger King Restaurant within a three hour period. Wharton–El repeats the arguments made in the district court[1], namely, that he was denied his Sixth Amendment right to a fair trial and his Fourteenth Amendment due process right as a result of the following: (1) joinder of the two robbery charges; (2) imposition of consecutive sentences for the two robberies; (3) failure to allege use of a firearm in the trial information; (4) failure to require a special jury interrogatory regarding use of a firearm; (5) systematic exclusion of African Americans from the venire; and (6) ineffective assistance of counsel, particularly relating to the jury selection process. We affirm the denial of the writ.

Wharton–El argues that numerous trial errors violated both his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process. The Iowa state courts affirmed Wharton–El's convictions and denied post-conviction relief. On direct appeal, Wharton–El raised only state law objections regarding the failure to allow separate trials for the two robberies, the abuse of discretion in sentencing, and other sentencing errors. However, in Wharton–El's brief supporting his subsequent motion for post-conviction relief, he alleged that his "rights of Due Process and Equal Protection as provided by the United States and Iowa Constitutions were violated in the trial and sentencing proceedings." Further, in his pro se brief in resistance to his appellate counsel's motion to withdraw, Wharton–El alleged violations of federal law, the Fourteenth Amendment and due process. In dismissing Wharton–El's appeal as frivolous, the Iowa Supreme Court considered "the motion to withdraw and brief in support, applicant's resistance, and the trial court record." *Wharton v. State*, No. 88–1600 (Iowa S.Ct. June 6, 1989). Thus, Wharton–El fairly presented to the Iowa courts the substance of his habeas claim as required by *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam) (citations omitted); *see also Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir.1980). After considering these issues on the merits, we are convinced that there was no constitutional error.

As discussed above, Wharton–El argues constitutional error based on the following: (1) failure to sever the robbery charges; (2) imposition of consecutive sentences; (3) failure to allege use of a firearm in trial information; (4) failure to require a special jury interrogatory regarding use of a firearm; (5) systematic exclusion of African–Americans from venire; and (6) ineffective assistance of counsel.

To obtain habeas relief for failure to sever, Wharton–El must show that "the failure to grant severance rendered the trial 'fundamentally unfair.'" *Hollins v. Department of Corrections*, 969 F.2d 606, 608 (8th Cir.1992). Wharton–El argues that the failure to grant severance prejudiced him because the evidence supporting the conviction in the Burger King robbery was stronger

---

1. The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

than the evidence supporting the conviction in the Ponderosa robbery. However, the state appellate court held that the two robberies were part of a common scheme or plan. *State v. Wharton,* No. 84–1661, 388 N.W.2d 676 (Table) (Iowa Ct.App. Dec. 18, 1985). This finding is presumed correct under section 2254(d). Further, the trial court instructed the jury to determine Wharton–El's guilt for each count separately. *Wharton,* No. 84–1661, slip op. at 4. Taken together, the finding of a common scheme or plan and the cautionary instruction indicate that the failure to grant severance did not render Wharton–El's trial fundamentally unfair.

 Next, Wharton–El argues that the trial court abused its sentencing discretion by imposing consecutive sentences and that this abuse violated his due process rights. Iowa law allows the trial judge to impose consecutive sentences when the defendant is convicted of two or more offenses, Iowa Code § 901.8 (1993); here, the trial judge did just that. To obtain habeas relief for sentencing error when the sentence imposed falls within statutory guidelines, Wharton–El must show: (1) "a clear and convincing case of abuse of discretion;" or (2) "a patent violation of a constitutional guarantee." *United States v. Garcia,* 785 F.2d 214, 228 (8th Cir.) (quoting *Orner v. United States,* 578 F.2d 1276, 1280 (8th Cir.1978)), *cert. denied,* 475 U.S. 1143, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986). The state appellate court stated that, in sentencing Wharton–El, the trial court reviewed his background, the nature of his offenses, and his chances for rehabilitation. *Wharton,* No. 84–1661, slip op. at 6. We consider this to be neither an abuse of discretion nor a patent violation of any constitutional guarantee.[2]

 Wharton–El next alleges due process violations in that (1) the trial information did not allege the mandatory minimum sentence for use of a firearm under Iowa Code section 902.7; and (2) the trial court did not submit a special interrogatory to the jury regarding firearm use. These claims are meritless. Section 902.7 "relates to sentenc-

ing and not to elements of the crime," *State v. Wharton,* No. 15716, slip op. at 1 (Iowa Dist.Ct. Sept. 30, 1988). To be sentenced under the five-year mandatory minimum of section 902.7, the trial information must contain an allegation of firearm use, and the court must submit a special interrogatory to the jury. Iowa R.Crim.P. 6(6). Here, however, the defendant was not sentenced under the section 902.7 mandatory minimum; instead, he received the mandatory minimum under section 902.11. Iowa Code § 902.11 (1993) (formerly Iowa Code § 906.5) (prior forcible felon must serve a minimum of one-half of the maximum term of the current sentence). Since the mandatory minimum for prior forcible felons is longer, the shorter mandatory minimum for firearm use is implicitly subsumed when, as here, both could apply. *See Iowa v. Burgs,* 479 N.W.2d 323, 324 (Iowa 1992). Further, the state appellate court concluded that "the trial court did not sentence defendant to consecutive twenty-five year sentences because a five-year mandatory minimum was not available. Rather, the court sentenced defendant to the consecutive sentences because the trial court felt defendant deserved this amount of punishment." *Wharton,* No. 84–1661, slip op. at 7. We conclude that this was neither an abuse of discretion nor patently violative of any constitutional guarantee.

 Wharton–El further alleges that "the cumulative effect of these departures from Iowa's due process requirements resulted in a denial to [Wharton–El] of fundamental fairness, in violation of the Sixth and Fourteenth Amendments." We reject cumulative error as a basis for habeas relief. *Girtman v. Lockhart,* 942 F.2d 468, 475 (8th Cir.1991); *Scott v. Jones,* 915 F.2d 1188, 1191 (8th Cir. 1990), *cert. denied,* 499 U.S. 978, 111 S.Ct. 1626, 113 L.Ed.2d 723 (1991). "[E]ach habeas claim must stand or fall on its own." *Scott,* 915 F.2d at 1191. Accordingly, we affirm the district court's denial of habeas relief on these grounds.

---

**2.** Wharton–El has not challenged the constitutionality of the Iowa sentencing system itself, nor would such challenge likely be successful.

Wharton–El next argues that the jury selection procedures totally excluded African–Americans from the venire, in violation of the Sixth Amendment as applied to the states through the Fourteenth Amendment. Wharton–El showed no evidence of systematic exclusion of African–Americans; he relies simply on the absence of African–Americans from the venire.

■■■■ The Sixth Amendment guarantees a criminal jury composed of a fair cross-section of the community. *United States v. Garcia,* 991 F.2d 489, 491 (8th Cir.1993). To establish a violation of this guarantee, Wharton–El must show: (1) that African–Americans are a "distinctive group in the community;" (2) that the representation of African–Americans in jury pools is not "fair and reasonable in relation to the number of [African–Americans] in the community;" and (3) that "this underrepresentation is due to systematic exclusion of [African–Americans] in the jury-selection process." *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979); *Floyd v. Garrison,* 996 F.2d 947, 949 (8th Cir.1993).

■■■ Although Wharton–El can establish the first element, *Garcia,* 991 F.2d at 491, he has failed to meet either the second or third element of the *Duren* test. Specifically, Wharton–El presented no reliable evidence of either the percentage of African–Americans in Dubuque County or of the percentage of African–Americans in Dubuque County jury pools. Wharton–El has shown only that no more than one African–American served on a jury in Dubuque County in the eighteen months before his trial; he has not shown that this is out of line with the percentage of African–Americans in Dubuque County. Further, Wharton–El has not produced any evidence that the alleged underrepresentation is due to a systematic exclusion of African–Americans from Dubuque jury pools. *See United States v. Womack,* 985 F.2d 395, 397 (8th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 276, 126 L.Ed.2d 227 (1993).

The Iowa state court held that "[t]he evidence does not reflect any systematic exclusion of blacks in the jury panel selection." *Wharton,* No. 15716, slip op. at 1. This factual finding is entitled to the presumption

of correctness. 28 U.S.C. § 2254(d); *see Marshall v. Lonberger,* 459 U.S. 422, 432, 103 S.Ct. 843, 849–50, 74 L.Ed.2d 646 (1983). "Evidence of a discrepancy on a single venire panel cannot demonstrate systematic exclusion." *Singleton v. Lockhart,* 871 F.2d 1395, 1399 (8th Cir.), *cert. denied,* 493 U.S. 874, 110 S.Ct. 207, 107 L.Ed.2d 160 (1989). Wharton–El has simply shown that no African–Americans sat on his jury. Unless Wharton–El shows one of the eight exceptions to the presumption of correctness under section 2254(d) or presents evidence of the percentage of African–Americans in Dubuque County as opposed to the percentage in the venire, we cannot conclude that a systematic exclusion occurred or that Wharton–El's Sixth Amendment right to an impartial jury was violated. Therefore, we affirm the district court's denial of habeas relief on this ground.

Finally, Wharton–El alleges ineffective assistance of counsel based on the following: (1) trial counsel's failure to have voir dire reported; (2) trial counsel's failure to challenge jury selection; and (3) appellate counsel's failure to pursue the issue of systematic exclusion. We conclude that Wharton–El's claim of ineffective assistance is without merit.

■■■ A claim of ineffective assistance of counsel is a mixed question of law and fact. *Strickland v. Washington,* 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). As such, we review de novo the district court's conclusion as to whether counsel was effective. *Mathenia v. Delo,* 975 F.2d 444, 447 (8th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1609, 123 L.Ed.2d 170 (1993). However, any factual finding must stand unless one of the eight exceptions of section 2254(d) applies, or Wharton–El "proves by convincing evidence that the state court finding is erroneous." *Haley v. Armontrout,* 924 F.2d 735, 740 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 135, 116 L.Ed.2d 101 (1991); 28 U.S.C. § 2254.

■■■ To prove ineffective assistance, Wharton–El must show two things: (1) that counsel's performance was "deficient," i.e., "fell below an objective standard of reason-

ableness;" and (2) that this deficiency "prejudiced the defense." *Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2064–65; *see Johnson v. Armontrout*, 923 F.2d 107 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 106, 116 L.Ed.2d 75 (1991). Prejudice exists if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

 Wharton–El was not prejudiced by any of the three alleged errors. All three of Wharton–El's ineffective assistance claims relate to his Sixth Amendment claim of systematic exclusion of African–Americans from the venire. As discussed previously, the Iowa postconviction court found that "[t]he evidence does not reflect any systematic exclusion" of African–Americans from the venire. *Wharton*, No. 15716, slip op. at 1. This factual finding is presumed correct as Wharton–El has shown neither convincing evidence of state court error nor that an exception under section 2254 applies. *Haley*, 924 F.2d at 740. The absence of any actual systematic exclusion precludes a finding of prejudice springing from ineffective assistance based on the failure to raise or preserve the issue of systematic exclusion.

Because no prejudice resulted, we need not determine if counsel's performance was deficient. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069–70; *Still v. Lockhart*, 915 F.2d 342, 344 (8th Cir.1990). Wharton–El has failed to meet the *Strickland* test for ineffective assistance.

We affirm the judgment of the district court.