67 F.3d 303
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Everett B. ROBINSON, Appellant,
v.
Bobby FREEZE, Deputy Sheriff, Little River Country; Dallas
Keller; Loni Richardson; Charles Beard, Appellees.
 No. 94-2847
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 19, 1995
Filed: Sept. 22, 1995
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Everett D. Robinson was convicted in state court of burglary and theft, he filed this 42 U.S.C. Sec. 1983 action alleging that bailiff Bobby Freeze improperly communicated with the jury and mishandled evidence in their presence during deliberations. The district court granted summary judgment to Freeze on absolute immunity grounds, but we remanded for reconsideration in light of Antoine v. Byers & Anderson, Inc., 113 S. Ct. 2167, 2171 (1993). Robinson v. Freeze, 15 F.3d 107, 109 (8th Cir.1994). Robinson now appeals a jury verdict in favor of Freeze, arguing that the district court erred in denying motions to amend the complaint and to quash the jury panel and in excusing two witnesses. We affirm.[1]
 
 
 2
 The district court did not abuse its discretion in denying Robinson's eve-of-trial motion to amend his complaint. The proposed amended complaint sought to add three new defendants and a conspiracy claim, and Robinson offered no reason why he did not earlier seek leave to amend. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224-25 (8th Cir.1994).
 
 
 3
 Robinson also argues that the jury panel did not represent a fair cross section of the community because it did not include African-Americans. However, evidence of a cross-sectional disparity in a single venire panel is not a prima facie case of systematic exclusion. See Wharton-El v. Nix, 38 F.3d 372, 376 (8th Cir.1994), cert. denied, 115 S. Ct. 1126 (1995); Floyd v. Garrison, 996 F.2d 947, 949 (8th Cir.1993). Finally, the district court did not abuse its discretion in excusing as witnesses two members of the state court jury who advised the court by letter that they could not attend this trial. The other ten jurors testified and denied Robinson's assertion that bailiff Freeze had improper contact with the jury during deliberations. Robinson has not shown that the excused jurors would have testified differently. Cf. Williams v. Carter, 10 F.3d 563, 566 (8th Cir.1993).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The trial ended before the Supreme Court's decision in Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). The parties have not briefed the impact of that decision on Robinson's claims. Given our decision to affirm, we need not address this issue