No. 95-4134

United States of America,          *
                                   *
        Appellee,                  *
                                   *
            v.        *
                                   *
Joyce A. Brown,                    *
                                   *
        Appellant.                 *

                                        Appeals from the United States
                                        District Court for the
                                        District of Nebraska.

No. 95-4170

United States of America,          *
                                   *
        Appellee, *
                                   *
            v.                     *
                                   *
Elizabeth Buckhanan,               *
                                   *
        Appellant.                 *

Submitted:  June 12, 1996

Filed:  August 2, 1996

Before WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and ROSENBAUM,[*]
     District Judge.

_____

[*]The HONORABLE JAMES M. ROSENBAUM, United States District
Judge for the District of Minnesota, sitting by
designation.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

After a five-day trial, a jury convicted Joyce Brown and Elizabeth Buckhanan of possession of cocaine base (crack cocaine) with the intent to distribute it. The trial court sentenced Ms. Brown to 135 months in prison, Ms. Buckhanan to 70 months in prison. Both women appeal their convictions, arguing that their trials should have been separate, that the venire for their jury was not drawn from a fair cross-section of the community, and that the evidence was insufficient. Ms. Brown also appeals her sentence, arguing that the trial court erred in assessing her role in the offense and in determining the amount of drugs attributable to her. We affirm the judgments of the trial court.[1]

I.

In late 1994, the police in Lincoln, Nebraska, served a search warrant on an apartment. Both defendants were in the apartment at the time, along with five other women, a man, and a child. The police found crack cocaine in the apartment.

Separate one-count indictments subsequently charged each defendant and three of the other women with possession of crack cocaine with the intent to distribute it. On motion by the government, the trial court consolidated the cases for trial. Two of the other women pleaded guilty, thus the eventual trial involved only the two defendants in this appeal and one other co-defendant.

On appeal, both defendants argue that the consolidation of trials prejudiced their right to a fair trial. The essence of each defendant's argument is that the evidence against her two co-defendants was stronger and that the jury was unable to compartmentalize the less incriminating evidence against her.

---

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

Ms. Buckhanan also argues that her defense and those of her two co-defendants were antagonistic.

We note that the trial court instructed the jury twice at the beginning of the trial, and again at its conclusion, that the evidence with respect to each defendant was to be judged separately. Assuming, without deciding, that both defendants preserved the issue of severance, we see no abuse of discretion in the trial court's decision to consolidate the trials. See, e.g., United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991).

II.

The two defendants in this appeal and their co-defendant are black. At voir dire, the defendants moved to strike the venire that was present, observing that it apparently contained no black people. The trial court denied the motion. On appeal, both defendants argue, based on the sixth amendment, that the pool from which their venire was drawn was not derived from a fair cross-section of the community, in other words, that the jury selection plan then in effect for the trial court was unconstitutional. See, e.g., Taylor v. Louisiana, 419 U.S. 522, 528, 530, 538 (1975); see also 28 U.S.C. § 1861.

"In order to establish a prima facie violation of the [sixth amendment] fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." Duren v. Missouri, 439 U.S. 357, 364 (1979). Because the defendants offered no evidence to establish even a prima facie case, the trial court's denial of their motion was correct. See, e.g., Government of the

-3-

<u>Virgin Islands v. Navarro</u>, 513 F.2d 11, 18-19 (3d Cir. 1975), <u>cert.</u> <u>denied</u>, 422 U.S. 1045 (1975); <u>see</u> <u>also</u> <u>Wharton-El v. Nix</u>, 38 F.3d 372, 376 (8th Cir. 1994), <u>cert.</u> <u>denied</u>, 115 S. Ct. 1126 (1995).  (We note as well that the defendants never requested racial information on the pool from which their venire was drawn until after their trial.)

                                III.

     Each defendant argues that the evidence was legally insufficient. At trial, police officers testified that Ms. Brown had over $2,000 cash in her purse and that Ms. Buckhanan had more than five grams of crack cocaine in her purse.  One of the two women who pleaded guilty testified that she saw both Ms. Brown and Ms. Buckhanan make "switches and sales," that she saw both defendants "selling crack cocaine" multiple times, and that she saw Ms. Brown trade crack cocaine for merchandise from several people. Considering that evidence in the light most favorable to the government, <u>see</u>, <u>e.g.</u>, <u>United States v. Jenkins</u>, 78 F.3d 1283, 1287 (8th Cir. 1996), we hold that the jury was entitled to believe, beyond a reasonable doubt, that each defendant possessed crack cocaine with the intent to distribute it.

                                IV.

     At sentencing, the trial court increased Ms. Brown's base offense level by three levels, finding that she was a manager or supervisor in a criminal activity that involved at least five participants.  <u>See</u> U.S.S.G. § 3B1.1(b).  Ms. Brown challenges that finding.

     At trial, both of the women who pleaded guilty testified that Ms. Brown was the person who decided whether people who came to the apartment door could come into the apartment.  One of those women testified that Ms. Brown appeared to be "a boss" of Ms. Buckhanan and of a third woman, who were also selling crack cocaine in the

apartment. At the sentencing hearing, the man in the apartment during the search testified that the two women who pleaded guilty were "cooking up" crack cocaine; a second man, who admitted living at the apartment and dealing drugs "outside" the apartment building, testified that he saw the two women who pleaded guilty "[f]lashing [crack cocaine] around" inside the apartment. The trial court then found that Ms. Brown was a manager or a supervisor and that the criminal activity involved herself, Ms. Buckhanan, the third woman who was selling crack cocaine at the apartment, and the two women who pleaded guilty. Based on the evidence presented, that finding is not clearly erroneous. See, e.g., United States v. McMurray, 34 F.3d 1405, 1415 (8th Cir. 1994), cert. denied, 115 S. Ct. 1164 (1995).

V.

Finally, Ms. Brown challenges the trial court's attribution to her, for sentencing purposes, of 37.53 grams of crack cocaine. See U.S.S.G. § 2D1.1(a)(3), § 2D1.1(c)(5). She also contends that the trial court failed to make a specific finding, as required by Fed. R. Crim. P. 32(c)(1), with respect to 30.21 grams included in that amount.

Fed. R. Crim. P. 32(c)(1) requires that the court must "rule on any unresolved objections to the presentence report" by making a finding on the objection or by disregarding the disputed facts. At the sentencing hearing, the trial court stated that it credited the trial testimony with respect to those 30.21 grams. While the trial court could have been more explicit in stating that it was therefore making a finding for sentencing purposes in that regard, we hold that the trial court's statement was adequate to satisfy the requirements of Fed. R. Crim. P. 32(c)(1). See, e.g., United States v. Nnanna, 7 F.3d 420, 421 (5th Cir. 1993) (per curiam). (We also note that Ms. Brown's lawyer stated, just before the trial

court imposed sentence, that "Your Honor, I believe you addressed all my objections.")

The trial court's finding, moreover, that 37.53 grams of crack cocaine should be attributed to Ms. Brown is not clearly erroneous.  <u>See</u>, <u>e.g.</u>, <u>United States v. McMurray</u>, 34 F.3d 1405, 1414 (8th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1164 (1995).

VI.

For the reasons stated, we affirm the judgments of the trial court. We also grant the government's motion to file its letter of June 3, 1996, as part of the record.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.