_____

No. 95-4032

_____

Kenneth Melvin Phea,                    *
                                        *
          Appellant,                    *
                                        *       Appeal from the United States
     v.                                 *       District Court for the
                                        *       District of Minnesota.
Dennis L. Benson, Warden,               *
Minnesota Correctional                  *
Facility, Stillwater, MN,               *
                                        *
          Appellee.                     *

_____

                    Submitted:  July 11, 1996

                      Filed:  September 9, 1996

                    _____

Before WOLLMAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.

                    _____

WOLLMAN, Circuit Judge.


     Kenneth Phea appeals from the district court's[1] denial of his 28
U.S.C. § 2254 petition.  We affirm.


                                   **I.**


     On October 9, 1991, the victim of the crime giving rise to Phea's
conviction had a chance encounter with Phea at the Greyhound bus terminal
in Minneapolis, Minnesota.  The two left the bus terminal in Phea's
automobile.  When they returned, the victim discovered she had missed her
bus.  Phea offered to drive her to her aunt's house after stopping to see
Phea's sister.


_____

     [1]The Honorable David S. Doty, United States District Judge for
the District of Minnesota, adopting the report and recommendation
of the Honorable Franklin L. Noel, United States Magistrate Judge.

While at Phea's sister's house, Phea physically restrained and raped the victim. After Phea fell asleep, the victim was able to leave and call the police. The responding officer characterized the victim as agitated and hysterical. Another officer stated that the victim was very upset and appeared to have been in pain. The nurse at the hospital to which the victim was taken likewise testified that the victim was crying and very frightened.

At Phea's trial, the victim became emotional soon after her direct examination began. She began to cry and said ("screamed," according to the Minnesota Court of Appeals' opinion), "Don't make me say this, I can't, I can't." The prosecutor requested a short recess, which the court granted. Phea's motion for a mistrial was denied. Phea did not request a curative instruction and none was given sua sponte by the court.

Phea was convicted of criminal sexual conduct. The Minnesota Court of Appeals affirmed his conviction in an unpublished opinion, State v. Phea, C7-92-1104 (Minn. Ct. App. April 20, 1993). The Minnesota Supreme Court denied review. Phea then filed this section 2254 petition.

## II.

Phea contends that his due process rights were violated by the state trial court's refusal to grant a mistrial and its failure to sua sponte give a curative instruction. The district court found that the victim's statement was not prejudicial and that Phea was thus not denied his due process rights. We agree.

The relevant inquiry for whether the trial court erred in not granting a mistrial based upon a witness's statement is whether there has been a due process violation. Cage v. Auger, 514 F.2d 1231, 1232 (8th Cir. 1975) (citing Donnelly v. DeChristoforo, 416

U.S. 637, 643 (1974)).  Whether a due process violation occurred depends upon whether the witness's statement "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Alexander v. Armontrout, 985 F.2d 976, 978 (8th Cir. 1993) (quoting Donnelly, 416 U.S. at 643).

The victim's statement, "Don't make me say this, I can't, I can't," neither mentioned Phea nor pertained to any of the evidence or claims before the court.  Moreover, the statement in no way enhanced the victim's credibility, but rather was a natural response to being called upon to recount the details of the rape.  Because the statement did not infect the trial with unfairness, Phea suffered no denial of due process.

Curative measures are normally sufficient to mitigate any potential prejudice that may result from a witness's statement or behavior.  Cf. United States v. Koskela, 86 F.3d 122, 125 (8th Cir. 1996).  However, the failure to give a sua sponte curative instruction does not, by itself, amount to constitutional error.  Willis v. Kemp, 838 F.2d 1510, 1519-20 n.19 (11th Cir. 1988).  Because no prejudice resulted from the victim's unresponsive, albeit emotional, statement, the trial court committed no error in failure to sua sponte give a curative instruction.

By the same token, Phea's argument that his trial counsel was ineffective for failing to request a curative instruction is without merit.

We turn to Phea's claim that counsel rendered ineffective assistance by not challenging the composition of the jury.  To succeed on a claim of ineffective assistance of counsel, a petitioner must show not only that his attorney's performance was deficient, but also that he was prejudiced by such deficient performance.  Strickland v. Washington, 466 U.S. 668, 687-688 (1984).  If a petitioner fails to demonstrate that prejudice has

resulted from the complained-of performance by counsel, we need not analyze the performance prong.  Carter v. Armontrout, 929 F.2d 1294, 1298 (8th Cir. 1991) (citing Strickland, 466 U.S. at 697).

A defendant is guaranteed a jury chosen from a fair cross section of the community.  Wharton-El v. Nix, 38 F.3d 372, 376 (8th Cir. 1994).  Phea is an African-American, and he claims that the venire panel under-represented African-Americans, resulting in a violation of his Sixth Amendment right.  To establish this claim, Phea was required to show:

> (1) that African-Americans are a "distinctive group in the community;" (2) that the representation of African-Americans in jury pools is not "fair and reasonable in relation to the number of [African-Americans] in the community;" and (3) that "this under-representation is due to systematic exclusion of [African-Americans] in the jury-selection process."

Wharton-El, 38 F.3d at 376 (quoting Duren v. Missouri, 439 U.S. 357, 364 (1979)).

Even assuming that the first two prongs have been satisfied, Phea has not presented any evidence showing a systematic exclusion of African-Americans from the jury pool.  At most, he has shown a possible under-representation of African-Americans in his case only.  "`Evidence of a discrepancy on a single venire panel cannot demonstrate systematic exclusion.'"  Wharton-El, 38 F.3d at 376 (quoting Singleton v. Lockhart, 871 F.2d 1395, 1399 (8th Cir. 1989), cert. denied, 110 S. Ct. 207 (1989)).  As we stated in Wharton-El, "the absence of any actual systematic exclusion precludes a finding of prejudice springing from ineffective assistance based on the failure to raise or preserve the issue of systematic exclusion."  38 F.3d at 377.  Thus, because Phea has not demonstrated that the composition of the jury violated the requirements of the Sixth Amendment, counsel was not ineffective for failing to object.

-4-

## III.

Phea's final argument is that the evidence was not sufficient to support his conviction. The district court found that the victim's testimony, along with other corroborating evidence, such as the officers' and nurse's observations, was sufficient to sustain Phea's conviction. We agree.

In reviewing a sufficiency of the evidence claim, we must ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Phea's argument is that reasonable doubt should have arisen because of inconsistencies in the victim's testimony, her previous statements, and other evidence. It is, however, the jury's function, and not this court's, to weigh the credibility of the witnesses and any such inconsistencies. Cf. United States v. E.R.B., 86 F.3d 129 (8th Cir. 1996). We conclude that when viewed in the light most favorable to the prosecution, the evidence was sufficient to sustain Phea's conviction.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.