110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Paul FOSTER, Plaintiff-Appellant,
v.
K.W. PRUNTY, Chief Deputy Warden, Defendant-Appellee.
 No. 96-55017.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1997.*
Decided March 31, 1997.
 
 Before: SCHROEDER, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Ronald Paul Foster, a California state prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus challenging his jury conviction for three counts of attempted murder and two counts of shooting at an inhabited dwelling. We have jurisdiction under 28 U.S.C. § 2241 (subject to the limitations of 28 U.S.C. § 2253), and we affirm the denial of the petition.
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Foster and his codefendant, Jackie Ross, are half brothers and members of the Crips gang. They were each charged with three counts of attempted murder without premeditation and two counts of shooting at an inhabited dwelling. The charges arose from a gang-related shooting on July 7, 1991,[1] when Foster and Ross fired at three Bloods gang members after being insulted. This shooting occurred outside two apartment buildings on Ozark Street in San Diego, California. Stray bullets went through the windows of two apartment units. One of the three targeted Bloods was Tyreese Major. Tyronne Johnson, another Bloods gang member, observed the shooting from a balcony on the third floor of one of the apartment buildings.
 
 
 4
 The trial of Foster and Ross on these charges was joined with the trial of two additional charges against Ross of attempted premeditated murder arising out of a gang-related drive-by shooting which occurred on July 22, 1991, and did not involve Foster. Tyreese Major and Tyronne Johnson were both struck by bullets allegedly fired from the car by Ross.
 
 
 5
 Foster, in a pretrial motion, moved to sever the trial of the two additional charges against Ross. The trial court denied the motion. To show a possible motive for the drive-by shooting, evidence was introduced at trial of the killing of a Crips gang member by the Bloods on July 21, 1991. Neither Foster nor Ross were present or involved with this killing of one of their own gang members.
 
 
 6
 At trial, Tyronne Johnson testified that there were three or four people in the car involved in the drive-by shooting. A police detective testified, however, that Johnson had earlier said that there were only two people in the car. The detective also testified he believed that the driver of the car was the car's owner, Darryl Tolliver.
 
 
 7
 The trial court instructed the jury to "decide separately whether each of the defendants is guilty or not guilty" and to "decide each count separately." The jury was also told that the first five counts applied to both defendants and that counts six and seven applied to Ross. The jury found Foster and Ross guilty on all of the first five counts and was unable to reach a verdict on the two additional charges against Ross.
 
 
 8
 Foster filed the underlying petition for writ of habeas corpus on March 23, 1994. On November 1, 1995, the district court denied the petition. Judgment was entered November 7, 1995. Foster timely appealed the denial on November 13, 1995. On November 16, 1995, the district court granted the certificate of probable cause.
 
 STANDARD OF REVIEW
 
 9
 This court reviews de novo the district court's denial of a habeas corpus petition. Jordan v. Ducharme, 983 F.2d 933, 935 (9th Cir.1993).
 
 ANALYSIS
 
 10
 Foster argues that the denial of his motion to sever the trial of the additional charges against Ross violated his right to a fair trial because the evidence introduced on the additional charges had a spill over effect on the jury's consideration of his guilt. "[T]he propriety of a consolidation rests within the sound discretion of the state trial judge. The simultaneous trial of more than one offense must actually render petitioner's state trial fundamentally unfair and hence, violative of due process before relief ... would be appropriate." Featherstone v. Estelle, 948 F.2d 1497, 1503 (9th Cir.1991) (quoting Tribbitt v. Wainright, 540 F.2d 840, 841 (5th Cir.1976), cert. denied, 430 U.S. 910 (1977). "More specifically, we must consider on a count by count basis whether the trial on a particular count was fundamentally unfair in light of that count's joinder with one or more other charges." Id.
 
 
 11
 Compliance with state law governing consolidation and the giving of cautionary jury instructions are indications that failure to sever has not violated a criminal defendant's right to due process. Wharton-El v. Nix, 38 F.3d 372, 375 (8th Cir.1994), cert. denied, 115 S.Ct. 1126 (1995); see Panzavecchia v. Wainwright, 658 F.2d 337, 341-42 (5th Cir.1981) (denial of motion to sever count of unlawful possession of a firearm by a convicted felon rendered trial on first degree murder charges fundamentally unfair when court gave no limiting instruction on evidence of prior convictions).
 
 
 12
 Ross and Foster were properly tried together under California Penal Code § 1098 (West 1997), which provides that: "when two or more defendants are jointly charged with any public offense, whether felony or misdemeanor, they must be tried jointly, unless the court orders separate trials." California Penal Code § 954 (West 1997) provides that the court may consolidate "two or more different offenses of the same class of crimes or offenses." The additional charges against Ross were of the same class of crimes and, therefore, properly joined under California law.
 
 
 13
 Foster argues that evidence of the killing of the Crips member before the drive-by shooting would not have been admitted had the additional charges against Ross been severed. More likely than not, this evidence would not have been relevant to charges arising from the July 7 shooting. However, any prejudice to Foster was minimal because he was not present or involved with the killing.
 
 
 14
 Foster also argues that evidence presented concerning the drive-by shooting, which involved Ross, Major, and Johnson, provided the jury with material from which to infer his guilt by association. Foster asserts that Johnson's trial testimony that there were three or four people in the car may have led the jury to believe he was also involved in the drive-by shooting. Evidence of gang violence, Foster's membership in the Crips gang, and his relation to Ross would have been admitted in the absence of the joinder of the second charges. Johnson's testimony was contradicted by police officer testimony. Any prejudice to Foster was minimal.
 
 
 15
 Moreover, the trial court instructed the jury to consider the guilt of each defendant separately and that Foster was only charged with the first five counts. The fact that the jury did not convict on the two charges against Ross, but did convict on the five charges against both defendants, demonstrates that the jury was able to keep the incidents and the charges separate.
 
 
 16
 Foster's petition raised four issues in addition to his claim concerning denial of his motion to sever the trials. These issues were thoroughly considered by the district court in its order denying the petition. On those four issues, we affirm the district court for the reasons stated in its order.
 
 CONCLUSION
 
 17
 The denial of the petition is affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 As the district court notes, there is some confusion whether the correct date is July 7 or March 7, 1991. District Court Order at 2 n. 1. See, Red Brief at 7