**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2982
_____

Billy Darrell Thomas,                    *
                                         *
              Movant/Appellant,          *
                                         *  Appeal from the United States
          v.                             *  District Court for the Western
                                         *  District of Missouri.
United States of America,                *
                                         *
              Respondent/Appellee.       *   [PUBLISHED]

_____

Submitted:  April 18, 1997

Filed:   April 25, 1997
_____

Before RICHARD S. ARNOLD, Chief Judge, FAGG and MURPHY, Circuit Judges.
_____

PER CURIAM.

Billy Darrell Thomas pled guilty to four counts of a five count indictment involving drugs and guns.  One of the counts of conviction was for using or carrying a gun in relation to a drug offense. 18 U.S.C. § 924(c).  After his convictions, but before his sentencing hearing, the Supreme Court decided Bailey v. United States, 116 S. Ct. 501 (1995). Thomas then filed a motion to withdraw his guilty plea for violating § 924(c).  The motion was denied and Thomas did not appeal.  Later he brought a 28 U.S.C. § 2255 motion claiming the evidence was insufficient to support a conviction,  his counsel was ineffective, and the sentencing court erred by denying his motion to withdraw his guilty plea to the

§ 924(c) charge.  Thomas now appeals from the denial of this motion.

Since Thomas did not file a direct appeal, his motion is procedurally barred unless he can show cause excusing his default and prejudice resulting from the errors.  See Bousley v. Brooks, 97 F.3d 284, 287 (8th Cir. 1996).  In his plea agreement, Thomas admitted that he was engaged in drug trafficking and that along with methamphetamine, he carried a Colt .38 revolver "because he wanted to protect himself from being 'ripped off by bandits who wanted his methamphetamine.'"  At the hearing in which Thomas sought to withdraw his plea to the § 924(c) charge, he admitted that he possessed a firearm while he was carrying drugs he intended to distribute.  This is sufficient evidence to support a conviction under § 924(c).  Bailey examined the use prong of § 924(c), not the carrying prong, and Thomas' admitted conduct warrants conviction. He therefore cannot show prejudice, and we need not examine whether there was cause for his default.  See United States v. White, 81 F.3d 80, 83 (8th Cir. 1996).  His motion is procedurally barred.

Even if his motion were not procedurally barred, however, he would not prevail.  The evidence was sufficient to support his conviction.  Since he did not show prejudice, he cannot make out an ineffective assistance of counsel claim.  He has not demonstrated there was a reasonable probability the result would have been different but for his counsel's advice not to file an appeal from the denial of his motion to withdraw his plea.  See Wharton-El v. Nix, 38 F.3d 372, 377 (8th Cir. 1994).  Furthermore, in light of the evidence supporting his conviction, Thomas did not show a fair and just reason to withdraw his guilty plea, and the sentencing

court did not abuse its discretion by denying that motion.[1]  See United States v. Capito, 992 F.2d 218, 219 (8th Cir. 1993).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]Thomas' claim that the government had to prove he both used and carried a firearm since he was indicted for use and carrying is without merit.  The use of the conjunctive in the indictment does not require the government to prove both violations;  proof of either will generally sustain a conviction.  See United States v. Vickerage, 921 F.2d 143, 147 (8th Cir. 1990).